Luster REYNOLDS, Appellant,

v.

STATE of Missouri, Respondent.

No. 81258.

Supreme Court of Missouri,
En Banc.

June 29, 1999.

Rehearing Denied Aug. 3, 1999.

David C. Hemingway, Office of Special Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

Luster Reynolds appeals the denial of his Rule 24.035 motion for post-conviction relief. After opinion by the Court of Appeals, Western District, this Court accepted transfer, Mo. Const. art. V, sec. 10, to consider 1) whether an amended motion containing photocopies of previously filed motions violates the rule against incorporation by reference, and 2) whether, as part of guilty plea procedures, a defendant must be informed that he must serve a "mandatory minimum" portion of his sentence before becoming eligible for parole. The judgment of the circuit court is affirmed.

## I.

Movant was charged with one count of tampering in the first degree, a class C felony, in violation of section 569.080.1(2), RSMo 1994, and was also charged as a prior and persistent offender. With the assistance of appointed counsel, movant entered a plea of guilty in the circuit court of St. Louis County on May 14, 1996. During the guilty plea hearing, movant was advised of his constitutional right to a trial by jury, questioned about the quality of defense counsel's assistance, and asked whether his plea was knowingly and voluntarily made. On June 21, 1996, the court sentenced movant to six years imprisonment.

Movant thereafter filed a timely *pro se* motion for post-conviction relief under Rule 24.035 and alleged, *inter alia,* that his plea was rendered involuntary due to the ineffectiveness of his attorney. When movant later filed a *pro se* amendment, a special conflicts public defender was appointed to represent him. Post-conviction counsel then filed a second amended motion and a request for an evidentiary hearing. The motion court denied the request for evidentiary hearing, issued findings of fact and conclusions of law, and determined that there was no support in the record to set aside, vacate, or correct movant's sentence.

Appellate review of the motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Johnson,* 968 S.W.2d 686, 695 (Mo. banc 1998).

## II.

Movant's principal claim is that his guilty plea was rendered involuntary because he was never informed that he must serve 80% of his sentence before becoming eligible for parole, as required under section 558.019, RSMo 1994, which sets the "minimum prison term" for prior and persistent offenders. The motion court, however, refused to address this claim. That refusal, according to the state, was justified on the ground that the claim was raised in one of movant's earlier *pro se* motions in violation of Rule 24.035(g), which states: "The amended motion shall not incorporate by reference material contained in any previously filed motion." In this regard, the record shows that defense counsel photocopied movant's *pro se* motion and the *pro se* amendment and then labeled the photocopies "Movant's Further Issues" and stapled them to the body of the second amended motion. Counsel then added a final page with a prayer for relief, signatures and certificate of service.

Contrary to the state's argument, Rule 24.035(g) does nothing more than preclude counsel from referencing movant's earlier claims as set out in other documents, with the obvious purpose to ensure that the motion court will not have to search for documents that are not immediately at hand. In this case, defense counsel included movant's claims by *actual* incorporation—by physically attaching the photocopies to the second amended motion—so

that the motion court could address and dispose of movant's claims in their entirety without reference to other documents. To be sure, the better practice is for counsel to include the claims from movant's earlier *pro se* motions within the body and text of counsel's amended motion, and in that way to assure compliance with the Rule 24.035(e) requirement that appointed counsel supplement and perfect the factual and legal allegations in the *pro se* motions. Nevertheless, the physical attachment of those earlier motions does not violate Rule 24.035(g). To the extent that *Cross v. State,* 970 S.W.2d 840, 843 (Mo.App.1998), and *Myers v. State,* 941 S.W.2d 889, 890 (Mo.App.1997), conflict with this opinion, they are overruled. The motion court clearly erred when it failed to consider claims raised in movant's attached *pro se* motions.

■ Although the motion court should have addressed the claim now raised concerning the voluntariness of the guilty plea, a remand to the motion court is unnecessary because a review of the merits of that claim reveals that movant is entitled to no relief as a matter of law. *See White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997).

■ The validity of a plea of guilty depends on whether it was made voluntarily and intelligently, *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), which means, *inter alia,* that the defendant must enter the plea with knowledge of the direct consequences of the plea. *Id.* at 755. In contrast, eligibility for parole is considered to be a collateral consequence of the plea; thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and intelligently. *Huth v. State,* 976 S.W.2d 514, 517 (Mo.App. 1998); *Price v. State,* 974 S.W.2d 596, 599 (Mo.App.1998). Consequently, neither counsel nor the trial court is under an affirmative obligation to inform a defendant of the parole consequences of the guilty plea. *Price,* 974 S.W.2d at 599; *Rollins v. State,* 974 S.W.2d 593, 595 (Mo. App.1998). This conclusion is consistent with the United States Supreme Court's pronouncement in *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), that

> [w]e have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary....

Although there is authority for the proposition that misinforming as opposed to failing to inform a defendant about eligibility for parole may undermine the voluntariness of the plea, *Meyers v. Gillis,* 93 F.3d 1147, 1153–54 (3 rd Cir.1996), *Holmes v. United States,* 876 F.2d 1545, 1552 n. 8 (11 th Cir.1989), in this case, movant alleges only that he had not been informed, not that he had been misinformed. As such, he has no grounds to contest the plea.

Movant argues, however, that the 80% requirement of section 558.019 does not pertain solely to eligibility for parole, but also constitutes a "mandatory minimum penalty" which, as required under Rule 24.02(b)(1), must be disclosed to a defendant prior to pleading guilty. Movant's precise claim has been consistently denied by the Court of Appeals on the basis that the term "mandatory minimum penalty" refers only to the low end of the range of punishment specified by the offense proper, not to any mandatory minimum time that must be served before becoming eligible for parole. *See Price,* 974 S.W.2d at 599; *Spradling v. State,* 865 S.W.2d 806, 811 (Mo.App.1993); *State v. Rice,* 887 S.W.2d 425, 427 (Mo.App.1994). In the case at hand, movant was in fact advised of the range of punishment which, because movant was a prior and persistent offender, was "a term of years not to exceed twenty years." This was all the information required under the rule.

 The federal courts interpret "mandatory minimum penalty" in the same way. Rule 11(c) of the Federal Rules of Criminal Procedure and Missouri Rule 24.02(b)(1), which was borrowed from the federal rule, are alike in requiring that defendants pleading guilty must be advised of any "mandatory minimum penalty." Even in view of that requirement, however, the Supreme Court has observed that under Rule 11(c), "federal courts generally are not required to inform defendants about parole eligibility before accepting guilty pleas." *Hill v. Lockhart,* 474 U.S. at 56, 106 S.Ct. 366. The necessary implication from this observation is that the term "mandatory minimum penalty" does not refer to parole eligibility, but refers instead to the low end of the range of punishment for the offense proper. The federal circuit courts, ruling expressly rather than by implication, are in accord. *See U.S. v. Peden,* 872 F.2d 1303, 1306 (7th Cir.1989) (*citing United States v. Garcia,* 698 F.2d 31, 33 (1st Cir.1983)) (quoting from the 1974 advisory committee notes to Fed.R.Crim.P. 11 that "'penalty' means the statutory nominal sentence and not actual time in prison.")

### III.

Movant also seeks review of three claims that the motion court did address, but then denied without holding an evidentiary hearing. Those claims include: 1) that plea counsel was ineffective for failing to investigate a potential witness, 2) that post-conviction counsel was ineffective for failing to include sufficient facts and to develop the argument relating to movant's claim that plea counsel failed to investigate a witness, and 3) that the state failed to allege or to prove a factual basis for the trial court's finding that movant was a prior and persistent offender under section 558.019. This Court holds that the motion court did not clearly err in denying claims 1) and 3) because they are thoroughly refuted by the record. Claim 2), which refers to ineffective assistance of post-conviction counsel, is categorically unreviewable. *State v. Owsley,* 959 S.W.2d 789, 799 (Mo. banc 1997). As a more detailed analysis of these claims would provide no precedential value, they are denied without further discussion. Rule 84.16(b).

### IV.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All concur.