Shannon DONELSON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 77617.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 3, 2000.

Irene Karns, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Movant, Shannon Donelson, appeals from the judgment denying, without an evidentiary hearing, his Rule 24.035 motion for post-conviction relief. We affirm in part and reverse and remand in part for an evidentiary hearing.

Movant was charged by information with robbery in the first degree, section 569.020 [1], tampering in the first degree, section 569.080, and armed criminal action, section 571.015. In the information, the prosecutor charged that: (1) movant acting alone or in concert with another stole currency from a bank; (2) movant acting alone or in concert with another knowingly and without the consent of the owner unlawfully operated an automobile; and (3) movant acting alone or in concert with another committed the robbery "by, with and through the use, assistance and aid of a deadly weapon." During the plea hearing, the prosecutor stated that the "State has agreed to cap its argument on sentence at 22 years. The State is free to argue for the full 22 years...." Movant's counsel stated that this was a correct statement of the plea agreement. Movant pleaded guilty to the three counts. The court sentenced movant to concurrent terms of twenty-two years' imprisonment for the robbery count, seven years' imprisonment for the tampering count and ten years' imprisonment for the armed criminal action count. Movant timely filed a pro se Rule 24.035 motion. The court appointed counsel and movant filed an amended Rule 24.035 motion. The court denied this motion without an evidentiary hearing. Movant raises two points on appeal.

Appellate review of the court's denial of movant's 24.035 motion is limited to determining whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k). An evidentiary hearing is not required if the court determines that the motion, files and records of the case conclusively show that the movant is entitled to no relief. Rule 24.035(h). To be entitled to an evidentiary hearing, a movant must satisfy a three prong test: (1) allege facts, not conclusions, which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Rollins v. State,* 974 S.W.2d 593, 595 (Mo.App. W.D. 1998).

In both points, movant argues his trial counsel rendered ineffective assistance. To show that counsel's assistance was so defective as to require reversal, the movant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *State v. Nun-*

---

1. All statutory references are to RSMo.1994.

*ley,* 980 S.W.2d 290, 292 (Mo. banc 1998). To show prejudice where the movant entered a guilty plea, the movant must show that, but for counsel's unprofessional errors, movant would not have pleaded guilty and would instead have insisted on going to trial. *Id.*

■ Movant argues in his first point that the court erred in denying his claim that counsel rendered ineffective assistance by failing to "advise him that the BB gun used in the bank robbery would not support a conviction for armed criminal action." Movant contends that the risk of a long sentence on the armed criminal action charge was the reason he chose to accept the state's plea offer of a maximum of twenty-two years.

In his amended motion, movant alleged that counsel received discovery prior to the plea and knew that the evidence established that a BB gun was used in the robbery. According to movant, shortly after the robbery he and his "co-defendant" gave statements to "law enforcement" and both stated that the robbery was "effectuated with a BB gun they had just purchased." Movant further alleged that the day after the robbery, Tammy Belfield of the Washington County Sheriff's office found a manual for a Marksman Repeater BB gun laying near where one of the "getaway" cars was parked. Movant also argued that a BB gun is not a firearm as statutorily defined and not readily capable of producing death or serious physical injury. Movant concluded by stating that he was unaware of this defense to the armed criminal action charge "and was afraid of being convicted for a crime that had no maximum set penalty." Thus, according to movant, his pleas of guilty to all charged counts were unknowing and involuntary, and had he known he had a viable defense to the charge of armed criminal action, he would have rejected pleading guilty to all counts and insisted on proceeding to trial.

During the court's questioning of movant at the plea hearing, he testified as follows:

Q. Count III, the essential elements of the [armed criminal action] charge are: That you did on or about the 2nd day of June 1998, in the County of Washington, State of Missouri, committed the felony of robbery in the first degree, charged in Count I, all allegations of which are incorporated herein by reference, and you, acting alone or in concert with another committed the forgoing felony of robbery in the first degree by, with, and through the use, assistance, and aid of a deadly weapon.

Do you understand and admit each essential element of that charge?

A. Yes, Your Honor.

. . .

Q. I need for you to tell me in your own words what you did on or about June 2nd, 1998, which led to these three charges filed against you.

R. Me and [ ] attempted to rob the Belgrade State Bank in Caledonia with a stolen vehicle and a deadly weapon.

Q. Now, you say you attempted to. You actually stole from it.

A. Yes.

. . .

Q. And was it the other fellow that had the weapon during the crime?

A. Yes, sir.

. . .

Q. And during the course of this you— or he, and you're saying it was, he was armed with a deadly weapon; is that right?

A. Yes, Your Honor.

Q. And that was some sort of gun as I understand it?

A. Yes, Your Honor.

In denying movant's claim, the court found that review of the transcript reflected that movant never indicated a BB gun was used. The court further found that movant's testimony that a deadly weapon, "a

gun of some kind" was used, refuted his claim.

Section 571.015.1 provides that:

any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the department of corrections and human resources for a term of not less than three years.[2]

Section 556.061(10), defines a deadly weapon as "any firearm, loaded or unloaded, or any weapon from which a shot, *readily* capable of producing death or serious physical injury, may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." (Emphasis added).

The plea transcript reflects that movant stated that a deadly weapon, "some sort of gun" was used. Movant's statements are not, however, dispositive in determining whether his allegations are refuted by the record. The term deadly weapon has a specific statutory definition that is not of common knowledge. Furthermore, BB gun is a generic term and could refer to different types of weapons. Movant's testimony does not establish whether he was aware of the statutory meaning of deadly weapon, the type of "gun" actually used in the robbery or whether the "gun" satisfies the definition of deadly weapon to support a conviction for armed criminal action. Movant's allegations are not self-proving and he bears the burden of proving his claim by a preponderance of the evidence. Rule 24.035(i). Movant's first point is granted.

■ Movant argues in his second point that counsel rendered ineffective assistance by failing to advise him that he would have to serve 85% of his twenty-two year sentence for robbery in the first degree. Movant contends his plea was invol-

untary because by not knowing the minimum incarceration, he misunderstood the value of the prosecutor's plea offer.

■■ Because eligibility for parole is considered a collateral consequence of the plea, information regarding parole eligibility is not among those direct consequences that a defendant must be informed of for the plea to be entered voluntarily and intelligently. *Reynolds v. State,* 994 S.W.2d 944, 946 (Mo. banc 1999). Neither counsel nor the court therefore has an affirmative obligation to inform the defendant of the parole consequences for a guilty plea. *Id.* The court's decision in *Reynolds* is controlling and movant's second point is denied.

We affirm in part and reverse and remand in part for an evidentiary hearing. On remand, the trial court shall determine whether there was a factual basis for movant's plea of guilty to armed criminal action. If there was not, the trial court shall consider movant's claim of ineffective assistance of counsel as to the remaining counts.

CLIFFORD H. AHRENS, P.J., and JAMES R. DOWD, J., concur.

---

**2.** Section 571.010(5) defines a firearm as "any weapon that is designed or adapted to expel a projectile by the action of an explosive."