Alok Ahuja, Judge,
concurring.
I concur in Judge Welsh’s opinion for the Court. Johnson claims that his attorney was ineffective, and that his guilty plea was involuntary, because counsel failed to advise him of the mandatory minimum prison term he would be required to serve before being eligible for parole pursuant to § 558.019.2(1), RSMo. His claim is directly contrary to the Missouri Supreme Court’s decision in Reynolds v. State, 994 S.W.2d 944 (Mo. banc 1999), which held that neither the plea court, nor plea counsel, was constitutionally obligated to inform a defendant of the mandatory minimum prison term required by § 558.019.2(3), RSMo 1994-a minimum-term provision which is functionally identical to § 558.019.2(1). Id. at 946-47.
Article V, § 2 of the Missouri Constitution provides that the Missouri Supreme Court’s “decisions shall be controlling in all other courts.” Thus, until Reynolds ’ holding on this federal constitutional issue is overruled by the Supreme Court of the United States or by the Missouri Supreme Court, it is binding on this Court.
Johnson argues, with some force, that the United States Supreme Court’s decision in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), requires re-examination of prior Missouri decisions holding that plea counsel is not constitutionally required to advise a defendant that he or she will be required to serve a minimum term before becoming eligible for parole. Padilla’s interpretation of plea counsel’s minimum obligations under the Sixth Amendment to the United States Constitution is undoubtedly relevant to Reynolds ’ continued validity. Padilla does not directly address, however, the issue presented here and in Reynolds: whether plea counsel is constitutionally ineffective where counsel fails to inform a defendant of the parole consequences of a guilty plea. Instead, Padilla involves the “unique” sanction of deportation as a result of a guilty plea, id. at 365, 130 S.Ct. 1473, a consequence which Padilla states is “ ‘the’ equivalent of banishment or exile.’ ” Id. at 373, 130 S.Ct. 1473 (quoting Delgadillo v. Carmichael, 332 U.S. 388, 390-91, 68 S.Ct. 10, 92 L.Ed. 17 (1947)).
Because it involved a different, and “unique,” consequence of a criminal conviction, Padilla does not directly control the disposition of this case. And in Webb v. State, 334 S.W.3d 126 (Mo. banc 2011), six members of the Missouri Supreme Court divided three-to-three concerning Padilla ’s effect on claims that plea counsel was ineffective for misadvising, or failing to advise, a defendant concerning a mandatory minimum term of incarceration. Id. at 134-40 (Wolff, J., concurring); id. at 143-45 (Fischer, J., dissenting).[1] Given that *282 Padilla does not address the precise question decided in Reynolds, and that the judges of the Missouri Supreme Court have expressed disagreement concerning Padilla ⅛ application in this context, I believe this Court is obligated to continue to follow Reynolds, until the holding of that case is directly overruled or modified by the Supreme Court of the United States or the Missouri Supreme Court. Cf. Doe v. Roman Catholic Archdiocese of St. Louis, 311 S.W.3d 818, 823 (Mo.App.E.D.2010) (Court of Appeals would continue to follow a Missouri Supreme Court decision on an issue of federal constitutional law, absent a decision of the Supreme Court of the United States which “plainly conflicts with,” or “directly question[s],” the Missouri Supreme Court decision).

. The Missouri Supreme Court's per curiam opinion in Webb concluded that, because reversal for an evidentiary hearing was required on other grounds, "[i]t is not necessary to *282 consider whether Padilla applies to other consequences [of a guilty plea] such as parole eligibility.” Id, at 131 n. 8.