

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| D'ANDRE HAYES, | ) | No. ED101811 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed:  July 21, 2015 |

## INTRODUCTION

D'Andre Hayes appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. On appeal, Hayes contends the motion court clearly erred in denying, without an evidentiary hearing, his claim that he received ineffective assistance of counsel. Because we hold that Hayes's allegation of ineffective assistance of counsel is not refuted by the record, we reverse and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, Hayes was indicted on two counts of robbery in the first degree, in violation of section 569.020[1], and two counts of armed criminal action, in violation of section

---

[1] All statutory references are to R.S.Mo (2000), as supplemented.

571.015. In January 2013, Hayes pled guilty to all four counts pursuant to a plea agreement, and was sentenced to concurrent terms of imprisonment totaling thirteen years in the Missouri Department of Corrections, of which he was required to serve the statutory mandatory minimum of eighty-five percent.[2]

Following his conviction, Hayes timely filed a *pro se* post-conviction motion for relief, later amended by appointed counsel, alleging he received ineffective assistance of plea counsel. In his amended motion, Hayes alleged, inter alia, that his attorney incorrectly advised him that if he pled guilty to the four counts, he would only have to serve "two to three more years" in prison. The motion court denied Hayes's motion without an evidentiary hearing. In its order, the court concluded that Hayes's claim was refuted by the record, because he stated under oath that he understood the ranges of punishment, understood the plea agreement, and no promises had been made, other than the plea agreement, to induce his plea. This appeal follows.

## STANDARD OF REVIEW

This Court's review of the denial of a Rule 24.035 motion is limited to a determination of "whether the motion court's findings and conclusions are clearly erroneous." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011) (citing Rule 24.035(k)). "On review, the motion court's findings and conclusions are presumptively correct." *Wooldridge v. State*, 239 S.W.3d 151, 154 (Mo. App. E.D. 2007). "The motion court's findings and conclusions are clearly erroneous only if, after a review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

---

[2] Section 558.019.3 states that "any offender who has been found guilty of a dangerous felony . . . shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court. . ." Hayes was charged with two counts of robbery in the first degree, a crime included in the aforementioned section 556.061 as a qualifying "dangerous felony."

2

**DISCUSSION**

Hayes contends, in relevant part, that the court erred in denying him an evidentiary hearing because the record does not refute his claim that his counsel affirmatively misinformed him about the amount of time he would have to serve in prison if he pled guilty, and this erroneous advice impacted the voluntariness of his plea. The State responds that the court did not err in finding Hayes's claim to be refuted by the record because he stated under oath that he understood the ranges of punishment, understood the plea agreement, and no promises had been made, other than the plea agreement, to induce his plea. We agree with Hayes's contention that he is entitled to an evidentiary hearing before the motion court on the issue of the voluntariness of his plea and whether he was prejudiced.

A movant must satisfy three requirements to be entitled to an evidentiary hearing on a motion for relief under Rule 24.035: "(1) the [movant] must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]" Rule 24.035(h).

When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that show (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he or she was thereby prejudiced. *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005). In the context of guilty pleas, trial counsel's deficient performance is "immaterial except to the extent it impinges on the voluntariness and knowledge with which a [movant] pled

3

guilty." *Cain v. State*, 859 S.W.2d 715, 717 (Mo. App. E.D 1993). A movant "must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Evans v. State*, 921 S.W.2d 162, 164 (Mo.App.W.D.1996). "Prejudice exists if the movant can show that, but for counsel's ineffective assistance, he would have not [pled] guilty and instead would have insisted upon going to trial." *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015).

Generally, "[a] defendant's plea is not involuntary when a defendant pleads guilty to a crime without knowing that the crime carries a mandatory minimum penalty." *Webb*, 334 S.W.3d at 129 (see also *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999)). Missouri case law "[draws]  a distinction between misinformation and failure to inform." *Id*. Affirmatively misinforming—in contrast to failing to inform—a defendant about a mandatory minimum penalty does affect the voluntariness of a plea. *Id*.

Hayes argues that *Webb v. State* is controlling, and entitles him to an evidentiary hearing. The State, conversely, argues that *Webb* is distinguishable from the facts of the present case. In *Webb v. State*, the defendant alleged that his guilty plea was involuntary and unknowing because his attorney advised that he would have to serve forty-percent of his sentence in prison before becoming eligible for parole, but in reality, the statute governing his crime required him to serve eighty-five percent of his sentence. *Id*. at 128. There, the trial court held that the movant's claim was refuted by the record, because he testified he had not been promised anything, other than the plea agreement, to induce his guilty plea. The Missouri Supreme Court reversed, holding the record did not refute the movant's claim, because a movant's testimony that no promises have been made to induce his plea does not refute an allegation concerning affirmative misadvice. *Id*. at 130. Specifically, the court observed "an attorney's advice is not the same as a promise—a

4

defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea." *Id.* Thus, the Court held the movant was entitled to an evidentiary hearing to prove the facts he alleged and establish whether he was prejudiced. *Id.* at 131.

While we make no determination about the veracity of Hayes's claim of ineffective assistance of counsel, we find the alleged facts of the present case are nearly identical to *Webb*. As in *Webb*, the record here does not refute Hayes's claim that he was affirmatively misadvised by counsel who allegedly told him he would only have to serve "two to three years" of his thirteen-year prison sentence when, in fact, Hayes was subject to the eighty-five percent rule, requiring him to serve over eleven years in prison.

The State asserts that Hayes's statements under oath—that he understood the ranges of punishment, understood the plea agreement, and that no promises had been made, other than the plea agreement, to induce his plea—refutes the allegation that his plea was affected by misadvice from his attorney. However, this assertion is inconsistent with the ruling in *Webb*. Hayes's statements to the trial court that he was not promised anything to plead guilty, that he understood the range of punishment, and that he understood his sentence, do not directly refute his claim that he involuntarily entered into the plea agreement as a result of erroneous legal advice from his attorney. *See Webb*, 334 S.W.3d at 130; *see also States v. State*, 413 S.W.3d 704, 708 (Mo. App. E.D. 2013). Therefore, the court erred in finding Hayes's claim to be refuted by the record.

Because Hayes's allegation of ineffective assistance of counsel is not refuted by the record, the judgment of the motion court denying Hayes an evidentiary hearing was clearly erroneous. Hayes is entitled to an evidentiary hearing to determine whether his plea was voluntarily made and whether he was prejudiced. Point granted.

5

**CONCLUSION**

For the foregoing reasons, we reverse the motion court's judgment and remand for an evidentiary hearing.

_____
Lisa S. Van Amburg, Chief Judge

Lawrence E. Mooney, P.J. and
Clifford H. Ahrens, J. concur.

6