EDWARD R. ARDINI, JR., JUDGE
Leonard K. Strickland (“Strickland”) appeals the denial of his motion for post-conviction relief under Rule 24.035 by the Circuit Court of Lafayette County.[1] Because the motion court failed to adjudicate all claims raised in the motion, the appeal is dismissed for. want of a final judgment. Rule 74.01(b).
*248 Factual and Procedural Background
On November 4, 2013, Strickland entered guilty pleas in separate cases each involving a single felony charge of driving while revoked or suspended. These guilty pleas were the product of an agreement reached with the State under which Strickland would be sentenced to seven years’ imprisonment for each offense, to run consecutive to each other, with execution of the sentences suspended and Strickland placed on five years of supervised probation. The court accepted Strickland’s pleas in both cases and imposed sentences consistent with the agreement.
In February of 2014, Strickland was again charged by felony complaint with driving while revoked or suspended and subsequently failed to appear for his initial court appearance in this case. The State thereafter obtained an indictment on the felony driving while revoked or suspended charge and added an additional count of felony failure to appear. The State also filed applications to revoke Strickland’s probation from his 2013 cases. On November 17, 2014, Strickland appeared before the same court that had accepted his guilty pleas a year earlier and entered open guilty pleas on the two new felony charges. In addition, Strickland admitted to violating the conditions of his 2013 probation. The court accepted Strickland’s pleas and admissions and ordered a sentencing assessment report.
On December 15, 2014, the court addressed Strickland’s probation status and imposed sentence in the pending felony cases. With regard to the 2013 matters, the court revoked Strickland’s probation and executed on the consecutive seven-year sentences. As to the 2014 charges, the court sentenced Strickland to seven years on both the driving while revoked or suspended and failure to appear offenses, with the sentences ordered to run concurrent with each other but consecutive to the sentences in the 2013 cases.
Strickland filed a pro se motion for post-conviction relief pursuant to Supreme Court Rule 24.035 regarding all three cases. The court appointed him counsel who timely filed an amended motion. As required by local court rule, appointed counsel filed the amended motion by uploading it through the court’s electronic filing system. In addition to raising three claims for relief in the body, the amended motion specifically incorporated the claims from the pro se motion and noted that those claims were being “filed as an attachment to the electronic filing this [sic] Amended Motion.”[2] Contemporaneous with the filing of the amended motion, Strickland’s counsel electronically filed an attachment labeled “attachment of mov-ant’s pro se claims.” On June 9, 2016, the motion court issued findings of fact and conclusions of law denying Strickland’s motion without an evidentiary hearing. As to the three claims for relief raised in the body of the amended motion, the motion court denied each claim individually. With regard to the claims incorporated from the pro se motion, the motion court set forth no ruling but rather stated that “[t]his Court does not find any pro se claims attached to the Motion and thus has no pro se claims to review in this motion.” This appeal follows.
Standard of Review
“Appellate review of the denial of a post-conviction motion is limited to a *249 determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous.” DePriest v. State, 510 S.W.3d 331, 337 (Mo. banc 2017) (quoting Moss v. State, 10 S.W.3d 508, 511 (Mo. banc 2000)). “A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made.” Davis v. State, 486 S.W.3d 898, 905 (Mo. banc 2016) (quoting Swallow v. State, 398 S.W.3d 1, 3 (Mo. banc 2013)). We presume the motion court’s findings are correct and defer to it on all matters of credibility. Id.
“A final judgment is a prerequisite to appellate review.” Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012). “A final judgment disposes of all issues as to all parties, leaving nothing for future determination.” Brooks v. State, 242 S.W.3d 705, 708 (Mo. banc 2008). If the motion court’s “judgment [is] not a final judgment, then the appeal must be dismissed.” Ndegwa, 371 S.W.3d at 801.
Discussion
Strickland does not challenge the merits of the motion court’s ruling as to any of the claims set forth in the body of his amended motion. Rather, his sole point on appeal contends that the motion court erred' in failing to adjudicate his pro se claims that he asserts were properly incorporated into his amended motion. The State does not contest that Strickland’s pro se claims were properly pleaded or that the motion cqurt failed to dispose of all claims, and both parties maintain that the motion court’s failure to rule on each of Strickland’s claims renders this appeal premature for lack of a final judgment. However, the parties’ consonance does not dictate the disposition of this matter, as it is the duty of this court to independently determine whether the pro se claims were properly placed before the motion court and to examine the judgment for compliance with Rule 74.01.
At the time Strickland filed his amended motion, Rule 24.035(g) prohibited incorporation by reference of claims contained in a pro se motion.[3] This was “to ensure that the motion court will not have to search for documents that are not immediately at hand.” Reynolds v. State, 994 S.W.2d 944, 945 (Mo. banc 1999). However, a movant was permitted to incorporate claims from a pro se motion by physically attaching them to the amended motion.[4] Id. at 945-46; Green v. State, 494 S.W.3d 525, 528 (Mo. banc 2016) (“[W]hen counsel files an amended motion for post-conviction relief following a timely filed initial pro se motion, counsel is permitted to incorporate the allegations and claims in the pro se motion by physically attaching the pro se motion to the amended motion.”); see also Creighton v. State, No. SC95527, 520 S.W.3d 416, 422-23, 2017 WL 1496952, at *5 (Mo. banc Apr. 25, 2017) (permitting incorporation by attachment); Hardy v. State, 306 S.W.3d 159, 160 (Mo. App. S.D. 2010) (permitting incorporation by attachment); Cross v. State, 37 S.W.3d 256 (Mo. App. E.D. 2000) (noting Missouri Supreme Court precedent allowing incorporation by *250 attachment). Incorporation by physical attachment has been found permissible on the basis, that it allows “the motion court [to] address and dispose of movant’s , claims in their entirety ...” without the necessity of searching through court records to find them.[5] Reynolds, 994 S.W.2d at 446.
Over the years, different nuances to claim incorporation through attachment in the context of motions for post-conviction relief have gained approval. In Reynolds, stapling a photocopy of the pro se claims into the body of the amended motion followed by a prayer for relief was found to be sufficient. Id. at 945-46. In Green, a movant stapled his pro se motion containing thirteen claims to the back of his amended motion.[6] Green, 494 S.W.3d at 527. While the pro se claims in Green were not attached within the body of the amended motion as was done in Reynolds, our Supreme Court nevertheless approved of this approach stating that:
[T]he actions that the movant in Reyn* olds [ ] took were more than what the ruling in the case required or what is required by the current Rule 29.15(g). Reynolds ’ concern, as well as. Rule 29.15(g)’s, is with sufficient physical attachment such that the motion court will not be required- to search a file for a document that is mentioned in, but not attached to, the amended motion. Physically stapling the pro se motion to the amended motion meets all of the concerns raised by Reynolds and Rule 29.15(g).
Id. at 528. Thus, while the precise mechanics used to bond pro se claims to an amended motion are clearly relevant in determining effective incorporation, the teachings, of Green and Reynolds direct our focus to whether the method of attachment obviates the need for the motion court to search for the claims. See id.
Against this backdrop, and with acknowledgment that our determination of the present appeal is largely influenced by Green and Reynolds, we are mindful that neither of those cases addressed claim incorporation involving an electronically filed amended motion.' The many benefits of electronic filing and court automation are clear and need not be listed here. However, technological advancement will produce circumstances requiring our courts to apply established precedent to new procedures. This is such a case. Specifically,, the present appeal necessitates our application of the “physically attached” standard discussed in prior cases such as Green and Reynolds to electronically filed documents.
In accordance with local rules, Strickland’s counsel electronically filed his amended motion. He specifically noted in the body of the amended motion that he-was also presenting claims from the pro se motion that were set forth in an attach *251 ment.[7] The referenced pro se claims were included in an attachment, also electronically filed, labeled “attachment of Movant’s pro se claims.” Where, as in this case, an electronically filed amended motion specifically states that claims from a previously filed pro se motion, set forth in an attachment, are being incorporated into the amended motion, we find the act of contemporaneously uploading that attachment through the court’s electronic filing system is the functional equivalent of physically attaching the pro se claims to the amended motion. This conclusion is in accord with the rationale underlying Green and Reynolds in that the pro se claims are “immediately at hand,” meaning that the motion court is not required to go searching for documents to “address and dispose of mov-ant’s claims in their entirety....”[8] Reynolds, 994 S.W.2d at 945. Therefore, we deem the pro se claims contained in the attachment to Strickland’s amended motion to have been properly incorporated and thus were before the motion court.
However, finding that Strickland’s pro se claims were effectively incorporated does not conclude our analysis. In its judgment, the motion court specifically addressed and denied each of the three claims raised in the body of the amended motion. When it came to the attached pro se claims however, the motion court did not deny or otherwise dispose of them, but instead simply stated that it could not find those claims.[9] Nevertheless, dismissal of this appeal would be unnecessary if the pro se claims were fully encompassed within the other claims raised in the amended motion and ruled upon by the motion court. See id. at 946; Green, 494 S.W.3d at 530, 532. Here, two of Strickland’s pro se claims, specifically claims one and three, were clearly embodied in his amended motion’s third claim, which was denied by the motion court. However, the pro se motion’s second claim raised issues distinct from any claim included in the amended motion and was not otherwise ruled on by the motion court. Consequently, we agree with both Strickland and the State that the motion court failed to fully dispose of all issues properly raised in Strickland’s post-conviction motion. As a result, the motion court’s judgment is not final under Rule 74.01(b) and this appeal must be dismissed. Green, 494 S.W.3d at 528.
*252 Conclusion
The appeal is dismissed.
All concur.

. For the purposes of this appeal, all references to Rule 24.035 and Rule 29.15 are to the versions in effect as of 2015. All other references, unless otherwise indicated, are to Missouri Supreme. Court Rules (2017).

. The Missouri Supreme Court Rules effective at the time the motion was filed permitted claims contained in a pro se motion to be incorporated into the amended motion by physically attaching them to the amended motion, Missouri Supreme Court Rule 24.035(g) (2015); See Green v. State, 494 S.W.3d 525, 528 (Mo. banc 2016).

. Rule 24.035 was amended to prohibit the practice of incorporation by reference in 1996. Prior to the amendment, it was customary for an amended motion for post-conviction relief to incorporate by reference claims from the initial pro se motion. See Leach v. State, 14 S.W.3d 668, 670 (Mo. App. E.D. 2000).

. Rule 24.035(g) has been amended, effective January 1, 2017, to now prohibit incorporation by attachment. ("The amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion.”)

. The Reynolds court did note however that "the better practice is for counsel to include the claims from movant's earlier pro se motions within the body and text of counsel’s amended motion, and in that way to assure compliance with the Rule 24.035(e) requirement that appointed' counsel supplement and perfect the factual and legal allegations in the pro se motions.” Reynolds v. State, 994 . S.W.2d 944, 946 (Mo. banc 1999).

. Green concerned a motion for post-conviction relief brought pursuant to Rule 29.15 as opposed to Rule 24.035. However, the Missouri Supreme Court treated its analysis in Green as being consistent with its prior decision in Reynolds, which concerned a motion for post-conviction relief under Rule 24.035. Green v. State, 494 S.W.3d 525, 528-33 (Mo. banc 2016). Further, Rule 29.15 and Rule 24.035 share nearly identical language with regard to the matter of incorporating claims from prior filed motions. We therefore consider the court’s analysis in Green to be applicable to a motion for post-conviction relief under either Rule 29.15 or Rule 24,035.

. The amended motion stated ‘‘[a]t Movant’s request, undersigned counsel presents the following pro se claims filed as an attachment to the electronic filing [sic] this Amended Motion. See[] State v. Reynolds [Reynolds v. State ], 994 S.W.2d 944 (Mo. banc 1999).”

. While the motion court expressed apparent difficulty in locating the attached pro se claims, this court had a decidedly contrary experience and found the attachment with ease. The claims clearly appear in Missouri’s electronic filing system and show that they were filed as an attachment to the amended motion on the same date the amended motion was filed. The attachment can be found by logging on to the Missouri Case.net system as a registered user, selecting the underlying case, locating the June 16, 2015 filing date under docket entries, selecting the "Amended Motion/Petition Filed” link to bring up the document browser, and then clicking on the plus symbol icon underneath the relevant date in the documents window in the left hand column to see the included attachments among which is the document labeled "attachment of Movant’s pro se claims.”

.In this regard, the present case is distinguishable from the Missouri Supreme Court’s recent decision in Creighton v. State which held that a judgment that acknowledged a movant’s pro se claims and proceeded to deny them, finding that they were illegible, to be a final judgment fit for appeal. Creighton v. State, No. SC95527, 520 S.W.3d 416, 422-23, 2017 WL 1496952, at *5 (Mo. banc Apr. 25, 2017). Here the motion court did not deny • Strickland’s pro se claims, or otherwise dispose of them.