

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| HENRY L. WARD, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) WD86338 |
| | ) |
| STATE OF MISSOURI, | ) Filed: January 28, 2025 |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Pettis County
The Honorable Robert Koffman, Judge**

**Before Division Three: Thomas N. Chapman, P.J.,
and Lisa White Hardwick, and Alok Ahuja, JJ.**

Henry Ward was convicted of multiple felonies in the Circuit Court of Pettis County. After this Court affirmed his convictions on direct appeal, Ward filed a motion for post-conviction relief under Supreme Court Rule 29.15. The circuit court denied Ward's amended post-conviction relief motion after an evidentiary hearing. Ward appeals. The circuit court did not enter a final appealable judgment, because the court did not address all of the claims in either Ward's *pro se* or amended motions for post-conviction relief. We accordingly lack appellate jurisdiction, and dismiss Ward's appeal. Because Ward's amended motion for post-conviction relief was filed substantially outside the deadline specified in Rule 29.15(g), the circuit court must conduct an inquiry to determine

whether Ward was abandoned by his appointed post-conviction counsel, before it can decide which of Ward's claims it must address.

**Factual Background**

Ward's convictions arose from the armed robbery of a pawn shop in Sedalia in December 2014, during which a pawn shop employee was beaten and shot. Ward was sixteen years old at the time of the crimes. Following a two-day trial, a jury convicted him of first-degree robbery, first-degree assault, armed criminal action, unlawful use of a weapon, and receiving stolen property. The circuit court followed the jury's sentencing recommendations, and sentenced Ward to twenty years' imprisonment for robbery, fifteen years for assault, thirty years for armed criminal action, fifteen years for unlawful use of a weapon, and seven years for receiving stolen property. The court ordered that all sentences run consecutively, resulting in a total term of imprisonment of eighty-seven years.

Ward appealed his convictions. This Court affirmed the circuit court's judgment in *State v. Ward*, No. WD82701, 598 S.W.3d 926 (Mo. App. W.D. May 5, 2020) (*mem.*). Our mandate in Ward's direct appeal issued on May 27, 2020.

On July 24, 2020, Ward filed a timely *pro se* motion for post-conviction relief under Supreme Court Rule 29.15. Ward's *pro se* motion asserted fourteen claims of ineffective assistance of trial counsel, and another ten claims of "Judicial Misconduct." The claims of "Judicial Misconduct" challenged rulings made by the circuit court during Ward's trial and sentencing, and the trial judge's failure to recuse himself.

On August 4, 2020, the circuit court entered an order on the docket, appointing the Public Defender's Office to represent Ward in the post-conviction proceeding. At that time, the circuit court did not notify the Public Defender's Office that it had been appointed as counsel, however.

More than seven months later, on March 8, 2021, the circuit court received a letter from Ward. In the letter, Ward inquired about the status of his case, and stated that he had not been contacted by the Public Defender's Office. On the same day, the Circuit Clerk contacted the Public Defender's Office by voice-mail and e-mail, asking why no one from the Public Defender's Office had entered an appearance on Ward's behalf. In response, an attorney from the Public Defender's Office entered her appearance as counsel for Ward on April 5, 2021.

Despite appointed counsel's entry of appearance on April 5, 2021, no further activity occurred in Ward's post-conviction relief case for more than ten months. Then, on February 7, 2022, appointed counsel filed a "Motion to Declare Abandonment of Movant and to Consider Movant's Untimely Filed Amended Motion." The abandonment motion, and an attached affidavit from a District Defender, both proceeded on the assumption that the circuit court's appointment of counsel was effective on August 4, 2020, when the court's appointment order was entered on the docket. The motion and affidavit both assumed that the time to file an amended post-conviction relief motion had already expired by the time the Public Defender's Office was notified of its appointment on March 8, 2021. Accordingly, while the motion and affidavit sought to explain appointed counsel's failure to take any action on Ward's behalf

3

*prior to March 8, 2021*, the motion and affidavit did not offer any explanation for the lack of activity in Ward's case *after* that date.

The caption of appointed counsel's February 7, 2022 Motion asked the circuit court "to Consider Movant's Untimely Filed Amended Motion." Despite the title of the Motion, no amended motion for post-conviction relief had been filed at that time, and none was attached to the Motion to Declare Abandonment.

On February 8, 2022, the circuit court held a hearing on Ward's Motion to Declare Abandonment. A docket entry on the same date states: "Evidence is presented. Counsel admits abandonment. Court finds abandonment and grants Movant leave to file amended motion."

Ward's appointed counsel filed an amended post-conviction relief motion on March 15, 2023 – thirteen months after the circuit court issued its order finding abandonment and granting Ward leave to file an amended motion. The amended motion raised six claims, each asserting ineffective assistance of Ward's trial counsel.

Following an evidentiary hearing, the circuit court entered its judgment on May 11, 2023, denying Ward post-conviction relief. The court's judgment notes that, "[o]n February 22, 2022 [*sic*], the Public Defender's Office conceded the question of abandonment." The judgment does not otherwise address any issue of abandonment by the Public Defender's Office.

Ward appeals.

4

## Discussion

## I.

The State argues that the circuit court's judgment is not final, and is therefore not appealable, because the court failed to address all of the claims in either Ward's *pro se* or amended motions for post-conviction relief. We agree.

"'The right to appeal is purely statutory.'" *State v. Harris*, 675 S.W.3d 202, 204 (Mo. 2023) (quoting *State v. Vandergrift*, 669 S.W.3d 282, 287 (Mo. 2023)).

In this case, Ward appeals under § 512.020(5),[1] which authorizes appeals in civil cases from any "[f]inal judgment in the case." Under § 512.020(5),

> [a] final judgment is a prerequisite for appeal. A judgment is final when it resolves all claims and issues in a case, leaving nothing for future determination. Absent a final judgment, no appellate review is available and the appeal must be dismissed.
>
> In disposing of claims in a Rule 29.15 motion, the motion court is required to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is granted. Rule 29.15(j). Such findings and conclusions constitute a final judgment for purposes of appeal. Rule 29.15(k). Accordingly, a judgment denying post-conviction relief is not final and appealable if it fails to "acknowledge, adjudicate, or dispose" of all the claims asserted in a post-conviction motion. *Creighton v. State*, 520 S.W.3d 416, 423 n.9 (Mo. banc 2017) (citing *Green [v. State]*, 494 S.W.3d [525,] at 532-33 [(Mo. 2016)]).

*McAllister v. State*, 561 S.W.3d 492, 493 (Mo. App. E.D. 2018) (other citations omitted). In numerous cases, this Court has dismissed appeals in post-conviction relief cases, where the circuit court's final judgment or order failed to mention some of the separate claims for relief asserted by the movant. *See, e.g., Joyner v. State*, 685 S.W.3d 651, 653-54 (Mo. App. E.D. 2024); *Huckleberry v. State*, 674

---

[1] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2024 Cumulative Supplement.

S.W.3d 801, 803 (Mo. App. S.D. 2023); *Abbott v. State*, 654 S.W.3d 377, 379 (Mo. App. E.D. 2022); *Rogers v. State*, 610 S.W.3d 733, 736 (Mo. App. E.D. 2020); *Hicks v. State*, 553 S.W.3d 425, 428–29 (Mo. App. S.D. 2018); *Strickland v. State*, 521 S.W.3d 246, 251 (Mo. App. W.D. 2017).

As we explain in § II below, a question remains as to whether the circuit court is required to decide the claims asserted in Ward's *pro se* motion for post-conviction relief, or instead the claims asserted in his *amended* motion. But whichever motion is the operative pleading, the judgment is not final: as the State acknowledges, the circuit court's judgment in this case failed to address all of the claims asserted in *either* Ward's *pro se* or amended post-conviction relief motions. Thus, of the six claims asserted in Ward's amended motion, the circuit court failed to address Ward's claims that his trial counsel was ineffective for: failing to advise Ward of the range of punishment he faced, and the risk of consecutive sentences (resulting in his rejection of a plea offer) (Claim 8.a(1)); incorrectly advising Ward that pending criminal charges could be used to impeach him if he testified (resulting in his decision not to testify) (Claim 8.a(2)); eliciting unhelpful hearsay testimony from a detective during cross-examination (Claim 8.a(3)); and failing to conduct depositions of two witnesses (Claim 8.a(3)).

Similarly, while the circuit court's judgment addressed a number of the claims in Ward's *pro se* motion for post-conviction relief, it failed to address four of Ward's claims of ineffective assistance of trial counsel (Claims 6, 8, 10, and 14), and addressed none of the claims Ward grouped under the heading "Judicial Misconduct."

6

Given the circuit court's failure to address numerous discrete claims raised in Ward's motions for post-conviction relief, the circuit court's judgment was not final, and we lack appellate jurisdiction under § 512.020(5). "If a court lacks appellate jurisdiction, it must dismiss the appeal." *State ex rel. Hawley v. Pilot Travel Ctrs., LLC*, 558 S.W.3d 22, 27 (Mo. 2018) (citing *Fannie Mae v. Truong*, 361 S.W.3d 400, 403 (Mo. 2012)).

## II.

Although we are required to dismiss Ward's appeal without addressing the merits of his claims for post-conviction relief, we address an issue which will arise during further proceedings, and on which the parties are in sharp disagreement: *which motion* for post-conviction relief is the operative pleading which the circuit court must address?

The issue arises because Ward's amended motion for post-conviction relief was not filed until March 15, 2023. This was more than two-and-a-half years after the circuit court initially appointed counsel; more than two years after the Public Defender's Office was advised of the appointment; twenty-three months after the Public Defender's Office entered its appearance; and more than a year after the circuit court found that Ward had been abandoned by the Public Defender's Office. Given this timeline, Ward's amended motion for post-conviction relief would be considered untimely under any of the versions of Rule 29.15(g) in effect between August 2020 and March 2023.

Generally, the failure to file a timely amended motion for post-conviction relief results in the waiver of any claims asserted in that amended motion. Rule 29.15(b) provides that "[f]ailure to file a motion within the time provided by this

Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." "Missouri courts consistently find that the rules contain strictly enforced time constraints which, if not followed, *procedurally bar* consideration of a movant's claims. By failing to timely file, the movant has completely waived his right to proceed on his post-conviction relief claims according to the language of the Rules." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. 2012) (cleaned up).

The Missouri Supreme Court has held that the time limits for filing post-conviction relief motions have quasi-jurisdictional status: courts must raise those time limits *sua sponte*, even if the State does not; and the time limits are not subject to the rules of preservation or waiver which typically apply to non-jurisdictional objections. As stated in *Dorris*: "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules – even if the State does not raise the issue." 360 S.W.3d at 268; *see also Hatmon v. State*, 661 S.W.3d 760, 765-66 (Mo. 2023) (holding that "the mandatory time limit imposed by Rule 24.035 outweighs the law-of-the-case doctrine," allowing the State to raise timeliness issue in a second appeal, even though the Court of Appeals had implicitly decided the issue in a prior appeal).

A movant's failure to file a timely amended post-conviction relief motion may be excused, however, if the movant has been "abandoned" by his appointed post-conviction counsel. Rule 29.15(e) requires that, within the time limits specified in Rule 29.15(g), appointed counsel must either file an amended post-conviction relief motion asserting all available claims, and the facts supporting

8

those claims, or must file a statement indicating that the movant's *pro se* motion already alleges all available facts and claims.

> When appointed post-conviction counsel fails to comply with the mandates of Rule [29.15], the movant may have been abandoned by counsel. . . .
>
> . . . .
>
> The untimely filing of an amended motion by post-conviction counsel creates a presumption of abandonment. When appointed counsel fails to file an amended post-conviction motion timely, the motion court is obligated to conduct an independent inquiry to determine whether the movant was actually abandoned.
>
> The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel . . . . However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.
>
> If the motion court determines appointed counsel's apparent inattention to filing an amended post-conviction motion stems from the movant's negligence or intentional failure to act, the movant is entitled to no additional relief, and the motion court should proceed upon the *pro se* post-conviction motion. If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing.
>
> When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry. The result of the motion court's inquiry will determine which motion the motion court should adjudicate.

*Milner v. State*, 551 S.W.3d 476, 479-80 (Mo. 2018) (cleaned up).

In this case, after receiving evidence at a hearing, the circuit court found that Ward had been abandoned by his appointed counsel as of February 8, 2022.

Based on its finding of abandonment, the court "grant[ed] [Ward] leave to file [an] amended motion." Ward's appointed counsel then filed an amended motion – but not until March 15, 2023, more than a year after the circuit court's finding of abandonment.

The circuit court's finding of abandonment, and its granting of leave to file an amended motion, did not give the Public Defender's Office an unlimited amount of time within which to file an amended motion. Where appointed counsel abandons a post-conviction relief movant, "'it is as if counsel had not been appointed at all.'" *Gittemeier v. State*, 527 S.W.3d 64, 69 (Mo. 2017) (quoting *Barton v. State*, 486 S.W.3d 332, 337 (Mo. 2016)). When a movant has been abandoned by counsel, "'the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred.'" *Stanley v. State*, 420 S.W.3d 532, 542 (Mo. 2014) (quoting *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. 2008)); *see also Price v. State*, 422 S.W.3d 292, 298 (Mo. 2014). Thus, in the first case recognizing an abandonment claim where counsel failed to act on a movant's behalf, the Supreme Court held that the appropriate remedy would be to appoint new counsel, and give counsel the time otherwise allowed by Rule 29.15 within which to file an amended motion. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. 1991); *see also Hewitt v. State*, 518 S.W.3d 227, 231 (Mo. App. S.D. 2017) (agreeing with the State that, upon the circuit court's finding of abandonment and reappointment of counsel, movant had only the time allowed by Rule 24.035(g) within which to file an amended motion).

Therefore, when the circuit court found abandonment and granted leave for the filing of an amended motion, it could only allow appointed counsel the

time otherwise provided in Rule 29.15(g).  At the time the circuit court made its abandonment finding in February 2022, Rule 29.15(g) required that an amended motion be filed within 120 days after both the mandate had been issued in Ward's direct appeal, and counsel had been appointed.[2]  We treat the date on which the circuit court found abandonment, and granted Ward leave to file an amended motion, as the date of counsel's appointment.  Therefore, counsel had until June 8, 2022 within which to file an amended motion.  Counsel failed to meet that deadline.

The circuit court did not make a finding that Ward had been abandoned by appointed counsel following the court's February 8, 2022 abandonment finding, and nothing in the record explains why appointed counsel did not file Ward's amended post-conviction motion until March 15, 2023.  Before the circuit court can decide which post-conviction relief motion it must address, it must determine, based on an adequate record, whether appointed counsel abandoned Ward (for a second time) when counsel failed to file Ward's amended motion on or before June 8, 2022.  Once the court makes that determination, it should explicitly address <u>all</u> of the claims asserted in either Ward's *pro se* or amended motions, as the case may be.

The State argues that the abandonment doctrine is inapplicable here.  The State notes that, in *Gittemeier v. State*, 527 S.W.3d 64 (Mo. 2017), the Missouri Supreme Court limited the abandonment doctrine to *appointed* counsel.  The State then contends that no effective appointment of counsel ever occurred in this

---

[2]  We apply the version of Rule 29.15(g) in effect at the time the circuit court found abandonment, and granted leave for the filing of an amended motion.  *See Scott v. State*, No. WD86373, 2024 WL 4887460, at *3-*5 (Mo. App. W.D. Nov. 26, 2024).

case.  The State argues that the circuit court's August 4, 2020 appointment order was ineffective, because the court did not inform the Public Defender's Office of the order when it was entered.  The State also contends that the Circuit Clerk's communications to the Public Defender's Office on March 8, 2021 could not constitute an effective appointment either, since only the court, not the Circuit Clerk, has the authority to appoint counsel.

As the State correctly notes, a circuit court's appointment of counsel in a post-conviction proceeding is not effective unless and until counsel is notified of the appointment.  "Inherent in a motion court's Rule 29.15 duty to appoint counsel is a duty to notify counsel of that appointment – without such notice, the appointment of counsel is not effective."  *Borschnack v. State*, 614 S.W.3d 561, 569 (Mo. App. S.D. 2020).  "[A]n order of appointment is '*not effective* such as to trigger appointment of counsel' and the time calculations of Rule 29.15 unless and until appointed counsel receives notice of such appointment."  *Holman v. State*, 694 S.W.3d 484, 488 n.2 (Mo. App. S.D. 2024) (quoting *Borschnack*, 614 S.W.3d at 568 n.4).

The State assumes – without citation of authority – that the appointment of counsel in this case became ineffective due to the time lapse between the circuit court's order of appointment on August 4, 2020, and the Circuit Clerk's notification to the Public Defender's Office on March 8, 2021.  We are aware of no authority supporting the proposition that the circuit court's appointment of the Public Defender's Office somehow expired, or lapsed, due to the delay in notifying the Public Defender's Office of the appointment.  Despite the delay between entry of the appointment order and the notification of counsel, both of

the elements required to effectively appoint counsel undeniably exist here: (1) an order of appointment; and (2) notification to counsel of the appointment. The circuit court's appointment of the Public Defender's Office became effective when counsel was notified of the appointment on March 8, 2021. This case involves appointed – not retained – counsel, and the abandonment doctrine is fully applicable here.

**Conclusion**

The appeal is dismissed.

_____
Alok Ahuja, Judge

All concur.

13