Mary R. Russell, Judge
Appellant Steven Green (Movant) appeals from the denial of his amended Rule 29.15 motion for post-conviction relief. The amended motion raised five ineffective assistance of counsel claims and incorporated the 13 additional claims from Movant’s pro se Rule 29.15 motion by physically attaching the pro se motion to his amended motion. Movant argues the motion court’s judgment did not adjudicate all of the incorporated pro se claims. The State argues that Movant waived ány challenge to the lack of findings of fact and conclusions of law because Movant did not seek to remedy the error by filing a motion to amend the judgment under Rule 78.07(c). The Court holds that Rule 78.07(c) does not apply here because the motion court did not merely fail to make findings of fact and conclusions of law on the relevant pro se *527 claims, but it also failed to adjudicate them.
The State additionally suggests that all pro se claims are presumed denied pursuant to Rule 73.01(c), which states that all “fact issues” upon which no specific findings are made are presumed found in accordance with the judgment. This Court holds that application of Rule 73.01(c) is also not appropriate here as the enumerated grounds for relief in Movant’s Rule 29.15 motion were not “fact issues” but individual claims. See Rule 29.15(a); Missouri Criminal Procedure Form. No. 40.
Because the failure to adjudicate all claims in the motion resulted in the lack of a final judgment, the appeal is dismissed. Rule 74.01(b); Ndegwa v. KSSO, L.L.C., 371 S.W.3d 798, 801 (Mo.banc 2012).
Factual and Procedural Background
A jury convicted Movant of first-degree statutory rape and incest pursuant to section 566.032, RSMo 2000, and 568.020, RSMo Supp. 2013, respectively. After those convictions were affirmed on direct appeal, Movant filed a pro se Rule 29.15 motion for post-conviction relief. The pro se motion contained 13 claims and was stapled to an amended Rule 29.15 motion that raised five claims of ineffective assistance of counsel.
The five claims filed by counsel in the amended’ motion encompassed the substance of many of Movant’s pro se claims. But two of the claims in Movant’s pro se motion, claim 8.C.2, which alleged trial counsel was ineffective for failing to request a speedy trial, and 8.C.3, which alleged that trial counsel was ineffective for failing to investigate and interview witnesses in a timely fashion, were not encompassed in the five claims filed by counsel in the amended motion. The motion court held an evidentiary hearing at which Movant presented evidence on the claims in the amended motion and the pro se motion. The court made findings of fact and conclusions of law on only the five claims in the amended motion. The motion court’s judgment began the “conclusions of law” section by stating that there were only five claims before the court. The judgment stated:
In Movant’s Amended Motion to Vacate, Set Aside, or Correct Judgment or Sentence in his case, Movant makes five claims: that Movant was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution _
(emphasis added). The motion court continued, in 10 paragraphs, to specifically discuss the five claims of ineffective assistance of counsel in the amended motion, issuing findings of fact and conclusions of law on only those five claims. The judgment concluded by stating: “For these reason, [sic] Movant’s claim for post-conviction relief must be denied.” The judgment, however, contained no acknowledgment, discussion, or adjudication of the pro se claims 8.C.2 or 8.C.3. Movant appeals.[1]
Standard of Review
This Court reviews the denial of a Rule 29.15 motion for post-conviction relief to determine whether the motion court’s findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); Dorsey v. State, 448 S.W.3d 276, 283 (Mo. banc 2014). A final judgment is one that resolves all claims and'issues in a case, leaving nothing for future determination. Ndegwa v. KSSO, L.L.C., 371 S.W.3d 798, 801 (Mo.banc 2012); Rule 74.01(b). A final judgment is a prerequisite for appeal. *528 Ndegwa, 371 S.W.3d at 801. Absent a final judgment, there is no appellate review and the appeal must be dismissed; Id,
Analysis
Movaiit argues the motion court’s judgment was clearly erroneous because the judgment did not adjudicate pro se claims 8,C.2 and 8.C.3, as evidenced by the lack of any mention of those claims in the judgment, much less any findings of fact and conclusions of law on those claims,

1. Movant Properly Complied with Rule 29.15(g)

The parties agree that Movant’s pro se motion and the amended motion were timely filed and that the pro se motion was physically attached to the amended motion. Pursuant to the current version of Rule 29.15(g),[2] when counsel files an amended motion for post-conviction relief following a timely filed initial pro se motion, counsel is permitted to incorporate the allegations and claims in the pro se motion by physically attaching the pro se motion to the amended motion. Reynolds v. State, 994 S.W.2d 944, 945-46 (Mo.banc 1999).
Even though the State does not allege any impropriety about Movant’s physical attachment of his pro se motion to his amended motion, the dissent asserts, sua sponte, that Movant failed to properly comply with Rule 29.15(g). Movant’s counsel explicitly referenced the pro se claims within the body of the amended, motion and .then stapled the pro se motion to the amended motion. Nevertheless, the dissent argues that, under Reynolds, this was insufficient to incorporate the pro se motion. This assertion, however, is not based on an accurate reading of Reynolds. As the dissent notes, Reynolds held that the rule’s ban on incorporation by reference “does nothing more than preclude counsel from referencing movant’s earlier .claims as set out in other documents.” Id. at 945. But the dissent fails to acknowledge that Reynolds also, stated that the “obvious purpose” of this preclusion was to ensure that the motion court will not have to search for documents that “are not immediately at hand.” Id. Reynolds never held that a movant must include the pro se claims in the body of the -motion and add a new prayer for relief. The dissent’s interpretation constitutes new law and contradicts this Court’s current rules and case law. In reality, the actions that the movant in Reynolds actually took .were more than what the ruling in the case required or what is required. by the current Rule 29.15(g). Reynolds’ concern, as well as Rule 29.15(g)’s, is with sufficient physical attachment such that the motion court will not be required to search a file for a document that is mentioned in, but not attached to, the amended motion, Physically stapling thé pro sé motion to the. amended motion meets all of the concerns raised by Reynolds and Rule 29.15(g).
The type, of physical attachment that Movant effected here is the common practice that resulted from the holding in Reynolds, as evidenced by the fact that in this case the State never alleged an invalid incorporation under Reynolds. See also Hardy v. State, 306 S.W.3d 159, 160 n. 3 (Mo.App.2010) (noting that, while better practice is to list pro se claims in the text of the amended motion, movant’s physical attachment of all pro se claims was permitted under Reynolds); Johnson v. State, 189 *529 S.W.3d 698, 702 (Mo.App.2006) (stating that counsel does not abandon a movant if he does no more than physically attach pro se claims to an amended motion, because such practice is permitted under Reynolds); Palmer v. Prudden, 2008 WL 4601675, at *6 n. 6 (Mo.E.D.2008) (recognizing that, under Reynolds, Rule 29.15(g)’s ban on incorporation by reference does not apply to physical attachment of earlier motions to an amended motion). Moreover, despite what the dissent suggests, this practice is what ultimately has necessitated the forthcoming change to Rule 29.15(g). It is illogical to say that physically attaching the pro se motion to the amended motion is' currently prohibited by Rule 29.15(g). Were that th'e case, it would be unnecessary to change Rule 29.15 to specifically bar such practice, as will be the case when[1] the new version- of the rule takes effect on January 1, 20171 As a result, Movánt’s incorporation by physical attachment was effective to incorporate the pro se claims into the amended motion.

2. Rule 78.07(c) Does Not Apply Here

Absent an applicable exception,[3] the motion court was required to issue findings of fact and conclusions of law on not only the five claims raised in the amended, motion, but also the attached pro se claims that were not encompassed in counsel’s five claims in the amended motion for post-conviction relief. Rule 29.15(j); Atchison v. State, 420 S.W.3d 559, 561 (Mo.App.2013),
The State argues, however, that the motion court’s failure to issue findings of fact and conclusions of law on claims 8.C.2 and 8.C.3 does not require reversal because Movant waived that argument by failing to file, a, motion to amend the judgment under Rule 78.07(c). Rule 78.07(c) provides: “In all cases, allegations of error relating to the form pr language of the judgment, including the.failure to make statutorily required findings, .must be raised in. a motion to amend the judgment in order to be preserved for appellate review.” The. purpose of the rule is “to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings.” Dunlap v. State, 452 S.W.3d 257, 263 (Mo.App.2015).
This Court has held that Rule ‘78.07 applies in post-conviction relief proceedings. Johnson v. State, 388 S.W.3d 159, 168 (Mo.banc 2012). But application of Rule 78.07(c) is not'appropriate here because the motion court’s judgment is unlike the judgment in Johnson. In Johnson¡ the movant argued that the findings of fact and conclusions of law on ..one- -particular claim, claim- 8.F, were insufficient. Id. at 168. Although, the judgment expressly denied claim 8.F, because of a scrivener’s error, the section of the judgment discussing claim 8.F. actually reviewed a different claim.[4] As a result, there were' no findings of fact or conclusions of law addressing claim 8.F. The motion court otherwise did specifically deny eách claim in the pro se .and amended motions and additionally concluded with an express denial of all claims *530 by stating: “Movant has failed to establish by a preponderance of the evidence that he is entitled to the relief requested in his pro se and amended motions.” (emphasis added). In light of that'language, all the pro se and amended claims were expressly adjudicated, and the movant’s claim of error truly was with the “form or language” of the motion court’s judgment for a failure to issue findings of fact and conclusions of law on all claims. Johnson properly found that such an argument had to be brought under Rule 78.07(c) to be preserved. Id.
Here, by contrast, there was no mention in the motion court’s judgment of claims 8.C.2 or 8.C.3 and no statement by the motion court denying all claims in both the pro se and amended motions. It was clear that the motion court was ruling on only the five claims in the amended motion because, after specifically discussing those five claims at length, the court concluded by stating: “For these reason, [sic] Mov-ant’s claim for post-conviction relief must be denied.” The motion court’s judgment of denial clearly spoke to only the five claims in the amended motion. As a result, the two pro se claims were never adjudicated by the motion court. .
There is a difference between a motion court’s (1) error with the “form or language” of the judgment when the judgment fails to include unambiguous findings of fact or conclusions of law on an adjudicated claim (as was the case in Johnson), and (2) its failure to dispose of or adjudicate the claim itself (as is the case here). The former can be addressed under Rule 78.07(c); the latter cannot.
Because of this distinction, reliance on Rule 73.01 is also misplaced. The State suggests that, notwithstanding the lack of specific findings, claims 8.C.2 and 8.C.3 are presumed denied pursuant to Rule 73.01(c). That rule provides that “all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.” Rule 73.01(c). That rule is not applicable as it concerns “fact issues.” The situation here is claims that were not adjudicated, specifically claims 8.C.2 and 8.C.3.
The various grounds a movant lists in a Rule 29.15 motion for post-conviction relief are distinct claims for relief and may be independent of others. They are not separate. factual grounds that are part of one larger claim. This is evidenced by the language.of Rule 29.15(a), which states that a motion under Rule 29.15 is the “exclusive procedure by which [a movant] may seek relief in the sentencing court for the claims enumerated.” (emphasis added). It is also evidenced by Missouri’s Criminal Procedure Form No. 40, the form a mov-ant is required to timely file to initiate a Rule 29.15 proceeding. Subpart 8 of that form directs the movant to “[s]tate concisely all the claims known to you for vacating, setting aside or correcting your conviction and sentence.” Missouri Criminal Procedure Form No. 40 (8) (emphasis added). Subpart 9 requires a movant to set out “the facts supporting each of the claims set out in (8) .... ” Missouri Criminal Procedure Form No. 40 (9) (emphasis added). Accordingly, Movant’s amended motion raised separate claims, designating them in subparagraphs enumerated as 8.A, 8.B, 8.C, 8.D, etc.[5]

*531
3. Failure to Comply With Rule 7k- 01(b) Requires Dismissal

Recognizing that Movant’s Rule 29.15 motion raised five claims for relief that were adjudicated, and two that were not, the issue is not the application of Rule 78.07(c) or 73.01(c), but the application of Rule 74.01(b) because there is a lack of a final judgment. Rule 74.01(b) states that, “[w]hen more than one claim for relief is presented, in an action,” the court may-enter a judgment on fewer than all of the claims only upon express determination that there is no just reason for delay. Rule 74.01(b). Absent such a determination, “any order or other form of decision, however designated, that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims or parties ...Fid.
The dissent argues that Rule 74.01(b) does, not apply in a Rule 29.15 proceeding. Although Rule 29.15(a) indeed states that Rule 29 is subject to the rules of civil procedure “insofar as applicable,” the reason for this caveat is obvious. Many rules of civil procedure have no possible connection or application to a Rule 29.15 proceeding.[6] Such is not the-case'with Rule 74.01(b). As the dissent notes, Rule 74.01(b) governs the finality of judgments in civil actions, which includes a Rule 29.15 proceeding. State v. Basile, 942 S.W.2d 342, 362 (Mo.banc 1997).
Yet that does not end the inquiry because, in determining whether a rule of civil procedure applies in a post-conviction proceeding, this Court focuses on whether the rule “enhances, conflicts with, or is of neutral consequence” to Rule 29.15. Thomas v. State, 808 S.W.2d 364, 366 (Mo.banc 1991). If Rule 74.01(b) either enhances or has a neutral effect on the purposes of Rule 29.15, it is applicable. Id. Despite the dissent’s' argument that Rule 74.01(b) conflicts with Rule 29.15(k), there is no conflict. Rule 29.15(k)’s statement that an order “sustaining or overruling a motion filed under [Rule 29.15] shall be deemed a final judgment for purposes of appeal” obviously presumes that the motion court’s disposition actually adjudicated all claims presented in the motion. Rule 74.01(b) provides that failure to do so results in the lack of a final judgment because some claims remain for future determination. Ndegwa, 371 S.W.3d at 801; Rule 74.01(b). When read- together, Rule 74.01(b) enhances the purpose of Rule 29.15, which is to allow a vehicle for a movant to have review of all claims for relief from his conviction or sentence efficiently adjudicated by a motion court.
The dissent, to support its position, cites numerous post-conviction cases, which were decided prior to the application of Rule 78.07(c) in Johnson. All of these cases considered whether remand was necessary when a motion court failed to issue findings of fact and conclusions of law on a claim. Those cases, however, do not present the central issue found in this case— the failure of the motion court to acknowledge, adjudicate, and dispose of all claims in its judgment." Instead, they focused exclusively on a motion court’s, failure to make sufficiently specific findings of fact and conclusions of law on all issues presented to the court.[7]
*532 The dissent relies in particular on State v. White, 873 S.W.2d 590, 595 (Mo.banc 1994). In White, .the motion court failed to issue sufficient findings of fact and conclusions of law on all claims because the court did not believe certain pro se claims were properly before it. Id. In effect, this Court viewed the motion court’s judgment as having incomplete findings of fact and conclusions of law. The Court consequently remanded the case to the motion court “for findings of fact and conclusions of law” on the movant’s pro se claims.[8] Id.
Similarly, in Reynolds, this Court held that the motion court clearly erred in refusing to address a movant’s pro se claim that was physically attached to the amended Rule 24.035 motion. 994 S.W.2d at 945-46. The Court determined that reversal and remand were unnecessary, however, because the movant was • not entitled to relief on that claim as a matter of law. Id. at 946.[9]
White, Reynolds, and the other cases cited by the: dissent demonstrate that, pri- or' to Johnson, when a motion court failed to enter necessary findings of fact and conclusions of law, appellate courts remanded the case for the making of the omitted findings and conclusions. These cases, however, are not controlling because they did not address the actual issue presented here. The issue here is what is the remedy when a motion coürt’s judgment does not acknowledge the existence of, much less adjudicate, all of a movant’s claims. For Rule 78.07(c) to apply, two situations must be present: (1) the motion court did not make required findings of fact and conclusions of law on all claims and (2) there was a final judgment-under Rule 74.01(b) because the motion court disposed of all claims by stating that all pro se and amended claims were denied. But this is not a Rule 78.07(c) case where the motion court failed to dot all the “I’s” and cross all the “T’s” via complete findings of fact and conclusions of law. Instead, this case presents a motion court’s failure to specifically adjudicate and dispose of all claims in its judgment.
The motion court’s judgment indicates that the court did not acknowledge, adjudi *533 cate, or dispose of Movant’s pro se claims. The judgment expressly stated that it was overruling the Rule 29.15 motion for the reasons contained in its findings of fact and conclusions of law, which encompassed only five of Movant’s seven claims. A judgment, such as this one, that does not dispose of all the claims in a case is not final. Rule 74.01(b); Ndegwa, 371 S.W.3d at 801. Because this judgment is not final, the appeal must be dismissed. Id.
Conclusion
The appeal is dismissed.[10]
Breckenridge, C.J., Stith, Draper and Teitelman, JJ., concur; Fischer, J., dissents in separate opinion filed; Wilson, J., concurs in opinion of Fischer, J.

. This Court granted transfer after opinion by the court of appeals. Mo. Const, art. V, sec. 10.

. Effective January 1, 2017, Rule 29.15(g) will provide, in relevant part: "The amended motion shall not incorporate by reference or attachment material contained in any-previously filed motion nor attach or incorporate the pro se motion. All claims' shall be included within the same body and text of the amended motion.” (emphasis added).

. There are a number of exceptions to this requirement of Rule 29.15(j). See White v. State, 57 S.W.3d 341, 343 (Mo.App.2001). None of the exceptions are relevant here.

. Oh its face, Johnson applied Rule 78.07(c) generally but did not discuss in detail the language in the motion court’s judgment. A review of the underlying record in Johnson, however, reveals that the motion court attempted to fully address all claims in both the amended and' pro se motions. It was only a scrivener’s error that prevented findings of fact on the claim that was the basis of the appeal. . ■

. The dissenting opinion disputes this conclusion, arguing that a Rule 29.15 motion is one claim for relief from a conviction or sentence ■that violates the laws or constitution of Missouri or the United States Constitution. It argues that the individual grounds raised in support of such relief are not distinct claims, but merely factual “issues.” As stated above, this is inconsistent with the language of Rule 29.15(a) and the form used to initiate a Rule 29.15 proceeding. Additionally, various claims in a civil action, such as in a Rule 29.15 *531 proceeding, often may seek common relief (here, relief from a conviction or sentence). Yet that does not somehow collapse the claims into one.

. See, e.g., Rule 68 (masters and receivers); Rule 69 (trial by jury); Rule 71 (verdicts).

. See Dickerson v. State, 269 S.W.3d 889, 894-95 (Mo.banc 2008) (the motion court ‘‘failed to address [movant’s] claim of ineffective assistance of counsel in its findings of fact and conclusions of law,” and the Court remanded the case with directions for the motion court *532 to address the claim in its findings and conclusions); Edwards v. State, 200 S.W.3d 500, 513 (Mo.banc 2006) (movant alleged that the motion court "only made1 specific findings of fact and conclusions of law” on five of the 14 issues he raised in his motion, but this Court concluded that the motion court’s "generalized finding that counsel were effective” was sufficient on the record before it and that the motion court was not required to make findings of fact on movant’s other claims because they presented only questions of law); Ervin v. State, 80 S.W.3d 817, 825-27 (Mo.banc 2002) ' (the motion court’s "findings and conclusions” relating to one of movant’s claims were not "specific enough,” and the case was remanded to the motion court for it to make "more specific findings and conclusions” on that claim); Franklin v. State, 24 S,W.3d 686, 692-93 (Mo.banc 2000) (the motion court’s "[gjeneralized findings” were sufficient to permit appellate review, and the motion court was not required to enter findings on claims that were not cognizable in post-conviction proceedings); White v. State, 939 S.W.2d 887, 903 (Mo.banc 1997) (remand was not necessary .when "the motion court made extensive and specific findings and conclusions on every claim but one and the only claim upon which a necessary conclusion of law was omitted was a-meritless allegation"); Barry v. State, 850 S.W.2d 348, 349-50 (Mo.banc 1993) (when the motion court entered a summary order denying post-conviction relief without issuing any findings of fact or conclusions of law, this Court held that Rule 24.035© requires the motion court to enter such findings and conclusions).

. The movant in White did not argue, and the Court did not discuss, whether the motion court's judgment constituted a final judgment. Id.

. Additionally, this Court in Reynolds affirmed the motion court’s judgment rather than remanding for additional findings and conclusions. Id.

. Because Movant’s first point on appeal is purely procedural and dispositive, this Court offers no comment on or discussion of the remaining points on appeal or the substantive .claims in either his pro se or amended motion.

. The principal opinion reaffirms the application of Rule 78.07(c) to the blanket-type deni *534 al of a post-conviction motion. Op. at 536-37. The principal opinion creates an arbitrary distinction when the finality of a motion court's judgment depends on whether the motion court generally denies all claims in an attached pro se motion (a final judgment) or addresses some but not all of the claims in the attached pro se motion (not a final judgment). Compare the motion court’s judgment in Johnson v. State, 388 S.W.3d 159 (Mo.banc 2012) — “Movant has failed to establish by a preponderance of the evidence that he is entitled to the relief requested in his pro se and amended motions.” (a final judgment) — with the motion court’s judgment in this case— "Movant’s claim for post-conviction relief must be denied.” (not a final judgment).