

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| NICHOLAS GOETZ, | ) | No. ED103917 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | |
| | ) | Hon. Benjamin F. Lewis |
| STATE OF MISSOURI, | ) | |
| | ) | FILED: |
| Respondent. | ) | November 22, 2016 |

Nicholas Goetz ("Movant") appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. Because the judgment is not final, we must dismiss the appeal.

Movant was convicted of child molestation in the first degree after a jury trial, and the court sentenced him to eight years in prison. After his conviction was affirmed on appeal, Movant filed a timely pro se motion under Rule 29.15. Counsel was appointed and filed a timely amended post-conviction motion. Therein, Movant asserted two distinct claims of ineffective assistance of counsel: 1) that counsel failed to advise Movant of the risks of receiving an eight-year sentence if he were convicted at trial and 2) that counsel failed to object to the sentence on grounds that the court based it on Movant's lack of remorse and exercise of his right to proceed to trial.

The motion court entered an order and judgment denying this motion. But it only addressed the first claim and did not even mention the second claim. The court stated that "Movant's 29.15 motion is clearly insufficient" and Movant "is entitled to no relief for the reasons stated herein." The court then stated that "Movant attacks his conviction by motion under Rule 29.15, claiming

trial counsel was ineffective for failing to advise him of the risks of receiving an eight-year sentence after a jury conviction." The motion court described Movant's "sole contention" as counsel's failure to force Movant into a guilty plea and found that "claim" was refuted by the record. After discussing the places in the record that refuted this claim, the motion court again referred to "Movant's contention that trial counsel failed to convince him that there was a real possibility the jury might render a guilty verdict" and found that contention to be self-serving, unsupported by the evidence and without merit. The court ordered that "Movant's 29.15 motion is DENIED without an evidentiary hearing."

Movant filed this appeal, and shortly after his brief was filed in this Court, the Supreme Court issued its opinion in Green v. State, 494 S.W.3d 525 (Mo. banc 2016). In Green, the Court held that when a motion court fails in its judgment to acknowledge, discuss, adjudicate or dispose of all of the claims asserted in the post-conviction motion, the judgment is not final and the appeal must be dismissed. Id. at 532-33. In that case, the motion court had addressed each of the five claims in the movant's amended motion, but failed to address two claims contained in the pro se motion (which had been properly incorporated into the amended motion by being physically stapled thereto). Id. at 528-29. Because the court only addressed and adjudicated the five claims in the amended motion, the judgment did not dispose of all the claims before it and was not final. Id. at 533 (citing Rule 74.01(b) and expressly concluding it applied in Rule 29.15 proceedings).

The State contends in its responsive brief that, under Green, the judgment in this case lacks finality, and we agree.[1] As in Green, the motion court in this case did not even mention one of

---

[1] Movant has not filed a reply brief, but in his opening brief admitted that the court did not address the second claim. He appeared, however, to believe he had waived the issue because he also stated that he had not filed a motion under Rule 75.01. A "motion" under Rule 75.01 is unnecessary to preserve error in post-conviction cases because that rule does not provide for the filing of a motion. Skillicorn v. State, 22 S.W.3d 678, 690 (Mo. banc 2000). To the extent Movant believed the issue was waived because he did not file a motion to amend under Rule 78.07(c), that rule is also inapplicable here because it only addresses errors in the "form or language of the judgment" and failing to dispose of or adjudicate a claim is not a mere error of form. Green, 494 S.W.3d at 530 (distinguishing cases in which the failure

2

Movant's claims of ineffective assistance of counsel, much less discuss, adjudicate or dispose of it. Although the court denied "the motion" and found Movant entitled to "no relief," under <u>Green</u> such blanket denials are deemed to refer only to the claims that are actually mentioned in the judgment. In <u>Green</u>, the motion court said the "claim for post-conviction relief must be denied," and the Supreme Court found that this disposition "clearly spoke to only the five claims in the amended motion"—which had been discussed in the judgment—and as a result the two claims in the pro se motion—which were not discussed—were never adjudicated. <u>Id.</u> at 530.

Because it adjudicates and disposes of some, but not all of the claims before it, the judgment here is not final under Rule 74.01(b). The appeal is dismissed.

ROBERT G. DOWD, JR., Judge

Angela T. Quigless, P.J. and
Lisa S. Van Amburg, concur.

---

to file a motion under Rule 78.07(c) to correct a lack of statutorily required findings and conclusions under Rule 29.15 did waive the right to raise that deficiency on appeal).

3