DON E. BURRELL, J.
Ramone J. Hicks ("Movant") timely-but ineffectually-attempts to appeal the denial of his amended Rule 29.15 motion for post-conviction relief to set aside his 2013 convictions for first-degree robbery, first-degree burglary, and armed criminal action ("the amended motion").[1] The motion court denied the amended motion after conducting an evidentiary hearing.[2] Movant's three points claim the motion court failed to make specific findings necessary "to enable meaningful appellate review of [Movant's] claims[,]" denied Movant's Brady[3] violation claim using "an incorrect legal standard[,]" and mistakenly relied upon an exhibit that "was substantially more prejudicial than probative" in ruling on Movant's Brady claim.
Unfortunately, we are unable to reach the substance (if any) of Movant's points and must instead dismiss the appeal because the motion court's order denying post-conviction relief ("judgment") failed to rule on all of the claims presented in the amended motion. Green v. State , 494 S.W.3d 525, 533 (Mo. banc 2016) (holding that an appeal from a judgment that fails to dispose of all claims raised in the post-conviction motion must be dismissed for lack of a final judgment), superseded by rule on another ground as stated in Creighton v. State , 520 S.W.3d 416, 422 n.8 (Mo. banc 2017).
Procedural History
The amended motion asserted eight claims:
(a) the State failed to disclose Brady material regarding the vehicle "that was seized on the night of the robbery" ("the vehicle") and this prejudiced Movant because he "could have used this evidence *427 to further develop his theory of innocence or develop a new defense" (" Brady claim");
(b) the State committed prosecutorial misconduct by "portray[ing to the jury] that the vehicle ... belonged to [M]ovant when in fact [the prosecutor] knew that it belonged to" someone else in order to discredit the testimony of Movant's sister ("misconduct claim");
(c) "trial counsel failed to conduct adequate investigation into the vehicle" ("investigation claim");
(d) "trial counsel failed to depose both witnesses and victims" about the vehicle and a "bandana admitted into evidence at trial" ("deposition claim");
(e) "trial counsel failed to adequately argue the need for a continuance" of the trial to pursue investigation and depositions ("continuance claim");
(f) "the State released evidence [the vehicle] prior to trial that was subsequently destroyed" ("destruction claim");
(g) "trial counsel failed to file a motion for mistrial after being presented with a venire panel that contained no African-Americans" ("venire claim"); and
(h) "the errors set out in the preceding paragraphs [asserting claims (a) through (g) ] taken as a whole warrant a new trial because they rendered [M]ovant's trial fundamentally unfair" ("cumulative-error claim").[4]
While the investigation, depositions, continuance, and venire claims asserted that Movant was denied effective assistance of counsel, the venire claim also specifically asserted that "Movant was denied his right to a fair cross section of the jury[.]" The venire claim further contends that "[M]ovant could have made a prima facie case ... based on the evidence that his venire panel was exclusively white." Movant's argument supporting the venire claim maintains that "[h]is Sixth Amendment right to an impartial jury ... was undeniably violated."
At the January 2017 hearing on the amended motion, the motion court took "judicial notice of the underlying criminal matter[,]" and the parties stipulated to the testimony of Movant's appellate counsel and the admission of an exhibit. The parties also presented live testimony of other witnesses and offered other exhibits.
Movant's testimony included that the venire "was all Caucasian[,]" there were "no African-Americans.... brought into the courtroom[,]" several venirepersons made comments about the jury panel not reflecting a jury of Movant's peers, and despite Movant having discussed those comments with trial counsel, trial counsel took no action. Trial counsel testified that he took no action regarding the composition of the venire and recalled that "[m]ore than likely, it was all-mostly, if not all, Caucasian." Trial counsel did not recall whether he had "personally researched that issue or not[,]" but he acknowledged that the matter could possibly support a constitutional challenge. Trial counsel also testified that he did not think "there was a plot by the Court or the jury coordinator to exclude African-Americans from panels[,]" and he would not have made a motion to strike a jury panel unless he had "a good faith basis for" doing so.
The judgment was entered on May 9, 2017. It did not refer to Movant's claims by letter or number; it simply observed that Movant had raised "a series of issues." The judgment then outlined Movant's *428 contentions concerning the Brady , misconduct, and destruction claims. The motion court reasoned, inter alia , that actual ownership of the vehicle was not material to the case and, therefore, "Movant [had] failed to establish a reasonable probability that the results of [his] case would have been different if the information concerning the vehicle had been disclosed in advance of trial[.]"[5]
The judgment further stated: "Movant also contends that his counsel was ineffective by: (1) failing to properly investigate the vehicle in question; (2) failing to depose critical witnesses; and (3) failing to 'adequately' argue for a continuance." Finally, the judgment discusses why Movant failed to show that different action by trial counsel concerning a continuance, depositions, and further investigation would have made any likely difference in the course of the case. The judgment concludes:
In short, the evidence and arguments advanced by Movant do not support the finding that trial counsel was incompetent. To the contrary, the transcript reveals that Movant received skillful representation from an experienced attorney throughout the course of this matter.
The judgment did not refer to the venire claim, and it did not articulate a distinct analysis of the cumulative-error claim.
Analysis
Movant's argument under his first point concerning the adequacy of the motion court's findings of fact and conclusions of law asserts that the judgment "neither explicitly nor implicitly acknowledge[s], adjudicate[s], nor dispose[s] of" the misconduct, venire, and cumulative error claims. Movant points out the note in Creighton that "[a] judgment denying post-conviction relief is not final and appealable if it fails to acknowledge, adjudicate, or dispose of all of the claims asserted in [a movant's] post-conviction motion." 520 S.W.3d at 423 n.9 (internal quotation and citation omitted).
The State concedes, and we agree, that "[b]ecause there is no final judgment in this case, the Court should decline to address the merits of [Movant's] claims and dismiss th[e] appeal."[6]
The nature of the alleged ineffective assistance of counsel in the venire claim is distinct from the other ineffective assistance of counsel claims ruled on by the motion court as the others focused on the evidentiary value of certain evidence, in particular the significance of the vehicle *429 and the bandana. As a result, the judgment's general findings that trial counsel was not incompetent and provided "skillful representation" cannot be taken as acknowledging, adjudicating, or disposing of the venire claim. See Goetz v. State , 502 S.W.3d 771, 772 (Mo. App. E.D. 2016) (reasoning that. under Green , "blanket denials are deemed to refer only to the claims that are actually mentioned in the judgment").
The appeal is dismissed.
MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

We affirmed Movant's convictions on direct appeal in State v. Hicks , 456 S.W.3d 426, 428 (Mo. App. S.D. 2015). We issued our mandate in the direct criminal appeal on April 3, 2015. Movant's pro-se motion for post-conviction relief was timely filed on June 26, 2015. See Rule 29.15(b). On June 29, 2015, a private attorney entered an appearance and moved for an extension of time to file the amended motion. That motion was granted on September 11, 2015, and the amended motion was filed on September 28, 2015. This filing was timely because September 27, 2015 fell on a Sunday. See Rules 29.15(g) and 44.01(a). In the direct appeal, Movant was identified as "Ramone E. Hicks[,]" but he identifies himself as "Ramone J. Hicks" in pleadings filed with the motion court and in his opening and reply brief in this appeal. Id. at 427 n.1. All rule references are to Missouri Court Rules (2018).

The amended motion was handled by a different judge than the one who presided over Movant's trial.

See Brady v. Maryland , 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ("the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

The Brady , misconduct, and destruction claims asserted that the specified action deprived Movant of due process of law.

The motion court found that "the issue at trial was [Movant's] possession and use of the vehicle" in the course of the offenses, and "there was substantial evidence" supporting possession and use.

The State does not concede that the May order fell short as to the misconduct and cumulative-error claims and maintains that those claims are not preserved for appellate review because Movant failed to file a motion to amend the judgment under Rule 78.07(c). Movant's reply brief insists that "the motion court could not have acknowledged, adjudicated, or disposed of [the cumulative-error claim] when it omitted to do so for [the venire claim]." Those issues are mooted by our decision concerning the venire claim. Because Movant's point attempts to challenge both the sufficiency of the motion court's findings of fact and conclusions of law and also claims that the judgment is not a final judgment, we pause to note that these are distinct issues. See Green , 494 S.W.3d at 531-32 (contrasting failure to make sufficient findings on a particular claim with the failure to "acknowledge the existence of, much less adjudicate" a claim). Further, where it is apparent that a motion court's ruling on one issue is intended to resolve a related issue, it may be unnecessary to "remand for the entry of a proper conclusion of law[.]" Cummings v. State , 535 S.W.3d 410, 416 (Mo. App. S.D. 2017).