James M. Dowd, Judge
Pervis McAllister appeals the denial without an evidentiary hearing of his Rule 29.15[1] motion for post-conviction relief. In his amended motion McAllister raised four claims of ineffective assistance of trial counsel, and four claims of ineffective assistance of appellate counsel, but in ruling on that motion the court failed to make findings of fact or conclusions of law resolving his claims as to appellate counsel. Consequently, we must dismiss this appeal for lack of a final judgment, so that the motion court may enter findings and conclusions adjudicating all of McAllister's post-conviction claims.
Discussion
A final judgment is a prerequisite for appeal. Green v. State , 494 S.W.3d 525, 527 (Mo. banc 2016) (citing Ndegswa v. KSSO, L.L.C. , 371 S.W.3d 798, 801 (Mo. banc 2012) ). A judgment is final when it resolves all claims and issues in a case, leaving nothing for future determination. Id. (citing Rule 74.01(b) ("When more than one claim for relief is presented in an action ... the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....") ). Absent a final judgment, no appellate review is available and the appeal must be dismissed. Id. at 528.
In disposing of claims in a Rule 29.15 motion, the motion court is required to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is granted. Rule 29.15(j). Such findings and conclusions constitute a final judgment for purposes of appeal. Rule 29.15(k). Accordingly, a judgment denying post-convict ion relief is not final and appealable if it fails to "acknowledge, adjudicate, or dispose" of all the claims asserted in a post-conviction motion. Creighton v. State , 520 S.W.3d 416, 423 n.9 (Mo. banc 2017) (citing Green, 494 S.W.3d at 532-33 ).
Here, the motion court failed to issue findings of fact and conclusions of law on McAllister's four claims of ineffective assistance of appellate counsel from his amended motion. Indeed, the court failed even to mention those claims anywhere in its judgment. While the court purported to address separate claims of ineffective assistance of appellate counsel that McAllister raised in his pro se motion, those claims were entirely different from the four claims of ineffective assistance of appellate counsel that McAllister raised in his amended motion, the denial of which he now appeals. The claims from the amended motion were based on alleged failures to challenge the sufficiency of the evidence to support three of McAllister's convictions and to object to jury instructions based on asserted violations of double-jeopardy principles. McAllister had never raised these claims before. McAllister's claims of ineffective assistance of appellate counsel from his pro se motion, however, faulted appellate counsel solely for failing to object to the State's opening statement; inadmissible hearsay testimony; and evidence of uncharged crimes.
*494 In light of these facts, we find that the motion court clearly failed to acknowledge, adjudicate, or dispose of the four claims from McAllister's amended motion of ineffective assistance of appellate counsel. Consequently, we conclude-in accordance with Rules 74.01(b) and 29.15(j) and the Missouri Supreme Court's holding in Green -that the court's judgment in this case is not final and McAllister's appeal must be dismissed.
Conclusion
For the reasons stated above, we dismiss this appeal for lack of a final judgment, so that the motion court may enter findings and conclusions adjudicating all of McAllister's post-conviction claims.
Sherri B. Sullivan, P.J., and Lawrence E. Mooney, J., concur.

All rules references are to the Missouri Supreme Court Rules (2017).