

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| KRYSTAL N. TRESLER, | ) | No. ED107256 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Ralls County |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable David C. Mobley |
| | ) | |
| Respondent/Respondent. | ) | Filed: December 10, 2019 |

### Introduction

Krystal N. Tresler (Appellant) appeals from the motion court's order denying her Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence (amended motion) after an evidentiary hearing. Because the motion court's order denying Appellant's amended motion was not a final, appealable judgment, Appellant's appeal is dismissed.

### Factual and Procedural Background

Appellant was convicted after a jury trial of first-degree robbery and second-degree murder stemming from Appellant's involvement in the robbery of a gas station. Appellant owned the getaway vehicle in which she waited as her accomplices entered the gas station to commit the robbery. In the course of the robbery, one of Appellant's accomplices shot and killed the gas station attendant. After the robbery, Appellant

accompanied her accomplices to a nearby river where they disposed of the gun used to shoot the attendant, as well as clothing worn during the robbery.

Although Appellant admitted to her role when interviewed by police about the robbery, the then-prosecuting attorney only filed charges against two of Appellant's accomplices. Appellant was subpoenaed to testify at the preliminary hearing of one of her accomplices. Before testifying, Appellant sought the advice of an attorney (pretrial counsel), who spoke to the prosecuting attorney on Appellant's behalf. The prosecuting attorney stated he was not considering charging Appellant at that time; however, pretrial counsel did not secure a promise of immunity for Appellant's testimony.

After the then-prosecuting attorney left his position to become a judge, the matter of the robbery was transferred to the Missouri Attorney General's office, which opted to file charges against Appellant. Appellant was convicted following a jury trial and this Court affirmed her conviction on direct appeal. State v. Tresler, 534 S.W.3d 308 (Mo. App. E.D. 2017).

After being delivered to prison, Appellant filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15.[1] Appointed counsel from the Missouri Public Defender's office requested and received an extension to file the amended motion.

Appellant's amended motion contained four claims. The first claim asserted Appellant's Fifth Amendment right against self-incrimination was violated when, during trial, the prosecution was permitted to read a transcript of Appellant's testimony from her accomplice's preliminary hearing. This claim argued her trial counsel (trial counsel) acted unreasonably by allowing the prosecution to read the transcript without objection,

---

[1] All rule references are to Mo. R. Crim. P. (2018) unless otherwise noted.

and but for trial counsel's failure to raise a meritorious objection there was a substantial likelihood the outcome of the trial would have been different.

Appellant's second claim asserted pretrial counsel provided ineffective assistance by failing to secure an immunity agreement for Appellant in exchange for her testimony at her accomplice's preliminary hearing. The third claim asserted counsel representing Appellant on her direct appeal (appellate counsel) unreasonably failed to include a claim the trial court erred by allowing footage from the crime scene to be played at trial. Appellant's fourth claim asserted trial counsel was ineffective for failing to call an expert witness to explain the effects of the drugs Appellant was under the influence of at the time of the robbery.

An evidentiary hearing was held at which Appellant's pretrial, trial, and appellate counsel testified, after which the motion court took the matter under submission. In the meantime, the prosecutor representing the State of Missouri (State) filed proposed findings of fact and conclusions of law denying Appellant's amended motion. Ultimately, the motion court adopted the State's proposed order and denied Appellant's second, third, and fourth claims. The motion court's order made no mention of Appellant's first claim alleging trial counsel was deficient for allowing Appellant's preliminary hearing testimony to be read at trial. This appeal follows.

<u>Authority to Hear Appeal</u>

Appellant raises several claims of error, but as a preliminary matter we address Appellant's first issue: whether we have authority to hear this appeal. Appellant argues that because the motion court failed to address and dispose of all claims brought in the amended motion, there is no final, reviewable judgment. We agree.

3

"A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination." Green v. State, 494 S.W.3d 525, 527 (Mo. banc 2016) (superseded by rule on other grounds as stated in Creighton v. State, 520 S.W.3d 416, 422 n.8 (Mo. banc 2017)). "A final judgment is a prerequisite for appeal." Bryan v. State, 536 S.W.3d 808, 809 (Mo. App. S.D. 2018), citing Green, 494 S.W.3d at 527; Section 512.020.[2] "Absent a final judgment, there is no appellate review and the appeal must be dismissed." Id.

The Missouri Supreme Court recently addressed a nearly identical claim in Green, holding the final judgment rule is fully applicable to proceedings under Rule 29.15. Green, 494 S.W.3d at 529. There, the Court held that an order ruling on the claims contained in the movant's amended motion, but not claims incorporated from his *pro se* motion, was not a final judgment because it entirely overlooked the *pro se* claims. Id. at 526. Rule 29.15 has since been amended to require all claims a movant wishes to bring be included in the body of the amended motion. See Creighton, 520 S.W.3d at 422 n.8. However, this does not affect our analysis. If anything, the instant circumstances offer less justification for the motion court's omission of Appellant's first claim as it was contained in its entirety in the body of the amended motion, rather than incorporated from a separate filing. Because Appellant's amended motion raised four claims for relief and the motion court only ruled on three of them, not all claims were resolved and there is no final judgment for this Court to review.

The State makes two arguments why this appeal should not be dismissed. First, it claims Appellant waived review of the omitted claim because she failed to file a Rule

---

[2] RSMo (2016).

4

78.07(c) motion seeking to amend the judgment. For support, the State cites to a number of pre-Green cases, including Johnson v. State, 388 S.W.3d 159 (Mo. banc 2012), and Gerlt v. State, 339 S.W.3d 578 (Mo. App. W.D. 2011). However, any argument Appellant had a duty to file a Rule 78.07(c) motion to preserve this issue is squarely foreclosed by Green. In Green, the Missouri Supreme Court held the motion court's failure to recognize and rule on a claim creates a defect that is distinct from merely failing to include necessary findings of fact or conclusions of law. 494 S.W.3d at 529-30. The Green Court specifically addressed and distinguished Johnson, the case cited by the State's brief. Johnson involved an explicit denial of a claim without the requisite findings of fact and conclusions of law. Id.; see also Rule 29.15(j) ("The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."). The Court found that because the claim was ostensibly ruled on, but without prescribed findings, Rule 78.07(c) required the movant to ask the motion court to amend the judgment to include those findings in order to preserve the issue for review. Id. at 530. This contrasts with the instant case, and Green, because in both cases the motion court's order contains no acknowledgement of the omitted claims. The Green Court held when it is clear the motion court did not recognize or rule on an entire and distinct claim, and did not merely omit some finding of fact or conclusion of law in the course of disposing of that claim, the judgment is not final and not reviewable regardless of whether the movant subsequently files a Rule 78.07(c) motion. Id. The State's brief does not cite, discuss, or distinguish Green, which we find to be the controlling authority under these circumstances.

The State's second argument asserts that remand is unnecessary because the claim the motion court failed to rule on is not cognizable under Rule 29.15. This argument is misplaced.

Rule 29.15(a) provides:

> A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15.

"[C]laims of trial court error are not cognizable under Rule 29.15 and Rule 29.15 is not a substitute for direct appeal...." Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009). The State attempts to characterize the first claim in Appellant's amended motion as a claim of trial court error. The State's characterization is inaccurate.

The heading of Appellant's first claim in the amended motion reads:

**Movant's rights were violated when the State was allowed to submit into evidence and read the transcript of Movant's testimony at [her accomplice's] preliminary hearing.**

The following argument section contains a brief recitation of relevant facts, followed by a discussion of trial counsel's failure to object to the transcript and argument as to why such failure was not a reasonable trial strategy.

Contrary to the State's claim, the heading does not accuse the trial court of error; at most, because it is written in the passive voice, the heading is unclear as to whom it is accusing of error. However, even a cursory reading of the argument section makes it abundantly clear Appellant accuses *trial counsel* of performing deficiently by failing to object to the transcript. The State cites no authority to support its assertion that

6

Appellant's failure to clearly identify whom she is accusing of error in the heading warrants a complete waiver of judicial review of the claim, both in the motion court and on appeal. In our view, Appellant's amended motion raised the claim sufficiently to entitle her to the motion court's review.

Because the motion court did not rule on all claims contained in Appellant's amended motion, the judgment is not final, and we lack authority to review it.

<u>Conclusion</u>

The appeal is dismissed.

_____
SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.