

## SUPREME COURT OF MISSOURI
## en banc

CEDRIC DEWAYNE MACK,      )       *Opinion issued July 22, 2025*
     )
       Appellant,      )
     )
v.      )      No. SC100921
     )
STATE OF MISSOURI,      )
     )
       Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF HARRISON COUNTY
### The Honorable Ryan W. Horsman, Judge

Cedric Mack appeals the overruling of his Rule 29.15 amended motion for postconviction relief.[1] Mack's *pro se* Rule 29.15 motion was the only timely filed motion. Because Mack's single claim in his *pro se* Rule 29.15 motion was already raised in and decided by Mack's direct appeal, the Court affirms the motion court's judgment denying postconviction relief.

### Factual Background and Procedural History

The state charged Mack with driving while intoxicated for operating a motor vehicle while under the influence of alcohol as a persistent offender. The circuit court

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2017) (as effective through June 30, 2017).

entered its judgment finding Mack guilty, after a jury trial, of the charge. In April 2017, the circuit court sentenced Mack, who then appealed. The court of appeals affirmed. *State v. Mack*, 560 S.W.3d 29, 35 (Mo. App. 2018). On December 5, 2018, the court of appeals issued its mandate.

On January 14, 2019, Mack filed his *pro se* Rule 29.15 motion with an included *forma pauperis* affidavit requesting a public defender "because I have no funds." On March 4, 2019, a public defender entered an appearance on Mack's behalf. On May 2, 2019, the public defender requested a 30-day extension to file an amended motion. On May 6, 2019, the motion court granted the public defender's request for a 30-day extension of the amended motion deadline. On June 3, 2019, the public defender filed an amended motion. On July 8, 2020, after an evidentiary hearing, the motion court entered its judgment overruling the amended motion. On July 29, 2020, Mack filed a motion to amend the judgment requesting the motion court enter findings of fact and conclusions of law. The motion was overruled for all purposes when the motion court did not rule on it within 90 days after it was filed. Rule 78.06. Mack appealed. The court of appeals reversed the judgment and remanded the case for entry of findings of fact and conclusions of law and an abandonment inquiry. *Mack v. State*, 635 S.W.3d 607, 614-15 (Mo. App. 2021). On remand, the motion court conducted an abandonment inquiry, found the public defender had abandoned Mack, considered the amended motion on the merits, entered findings of fact and conclusions of law, and denied relief. Mack appealed. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

Rule 29.15(a) authorizes the filing of a postconviction relief motion alleging

> that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law[.]

"This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." *Id.* "The circuit court shall not entertain successive motions." Rule 29.15(l).

## Analysis

Mack's claims have been given exhaustive review. The motion court held an evidentiary hearing on the claims in his amended motion and denied those claims. Following remand from the court of appeals, the motion court held another hearing, found counsel had abandoned Mack, entered findings of fact and conclusions of law on the claims, and denied the claims on the merits for a second time.

The parties agree, and this Court holds, that Mack's amended motion was not timely under the version of Rule 29.15(g) in effect on the date of Mack's sentencing. *State v. Scott*, No. SC100916, _ S.W.3d _, slip op. at 5 (Mo. banc July 22, 2025).[2] The

---

[2] Mack asserts the motion court clearly erred in failing to appoint counsel under Rule 29.15(e), which did not specify a time limit for appointment, and requests this Court place Mack in the position he would have occupied had counsel been appointed and reach the merits of his appeal of the overruling of his amended motion. Because Mack raises this claim for the first time before this Court, it is not preserved for review. Rule 84.13(a); *State v. Woolery*, 687 S.W.3d 652, 668 (Mo. banc 2024). The claim also fails on the merits because counsel's entry of appearance obviated the need for the motion court to appoint counsel. Because the amended motion was not timely filed, the motion

3

parties agree the public defender entered an appearance on Mack's behalf without being appointed, meaning the abandonment doctrine does not apply and cannot be invoked to excuse the tardiness of Mack's amended motion. *Scott*, No. SC100916, slip op. at 7.[3]

The only issue remaining, therefore, is whether this case needs to go back to the motion court for a third time to resolve Mack's single *pro se* claim, *i.e.*, the only claim that was ever properly before the motion court. The answer is no.[4]

---

court should not have reached the merits of the motion. *Scott*, No. SC100916, slip op. at 9 n.4.

[3] Mack contends the state waived the argument the abandonment doctrine applies only to appointed counsel because, rather than raising the argument earlier, the state argued in the court of appeals a remand for an abandonment inquiry was appropriate. As this Court reaffirmed in *Scott*, the state cannot waive compliance with the mandatory time limits in Rules 24.035 and 29.15. *Scott*, No. SC100916, slip op. at 4. Because the state cannot waive compliance, it cannot—by waiver or otherwise—change consequences that follow when those time limits are not followed.

[4] This Court has held: "A judgment denying post-conviction relief is not final and appealable if it fails to 'acknowledge, adjudicate, or dispose' all of the claims asserted in the post-conviction motion." *Creighton v. State*, 520 S.W.3d 416, 423 n.9 (Mo. banc 2017) (quoting *Green v. State*, 494 S.W.3d 525, 532-33 (Mo. banc 2016)) (remanding for determination of all claims in the timely amended motion, which included attached *pro se* claims as then permitted under Rule 29.15(g), when the judgment did not adjudicate the merits of the *pro se* claims). In *Green*, the Court dismissed the appeal for lack of a final judgment when the amended motion was timely filed but the judgment did not resolve all of the movant's *pro se* motion claims, each of which had been incorporated in the amended motion as then permitted by court rule. *Green*, 494 S.W.3d at 533. Neither *Creighton* nor *Green* involved the procedural posture here, in which the motion court purported to enter a final judgment adjudicating all claims in what it believed to be the timely filed operative motion before it. Had the amended motion been timely filed, the motion court would have had no obligation to resolve Mack's *pro se* motion claim. *See Hopkins v. State*, 519 S.W.3d 433, 436 n.2 (Mo. banc 2017) ("The motion court did not err by declining to adjudicate Movant's *pro se* claims. Movant's timely amended motion was the operative pleading, and it did not incorporate Movant's *pro se* motion."). Because the Court has determined the amended motion was not timely filed, however, Mack's *pro se* motion would become the operative motion as the only timely filed

4

Mack's timely filed *pro se* Rule 29.15 motion raises a single claim: "I did [not] have a fair trial overruling the motion to suppress my statements." Mack raised this exact claim in his direct appeal, and the court of appeals rejected it. In his direct appeal, Mack alleged "the trial court erred in overruling his motion to suppress and admitting at trial evidence of his statements to the arresting officer that he had been drinking and there was a beer can in his car." *Mack*, 560 S.W.3d at 30. The court of appeals denied the claim. *Id.* at 35. Having asserted the exact claim on direct appeal as he included in his *pro se* Rule 29.15 motion, Mack is bound by the direct appeal result and cannot seek to relitigate the same claim in this postconviction proceeding. "A post-conviction motion cannot be used as a substitute for a direct or second appeal." *Zink v. State*, 278 S.W.3d 170, 191 (Mo. banc 2009). "This Court will not review the same underlying claim for a second time." *Id.*; *see also Voss v. State*, 570 S.W.3d 184, 197 (Mo. App. 2019) (declining to

---

motion. Under *Creighton*, because the motion court did not "acknowledge, adjudicate, or dispose all of the claims asserted in the post-conviction motion," this Court typically would dismiss the appeal for lack of a final judgment and remand the case for determination of the *pro se* motion claims. 520 S.W.3d at 423 n.9 (internal quotation omitted). This would include requiring the motion court to comply with Rule 29.15(j), which provides, in pertinent part, "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

To dismiss the appeal and remand for consideration of Mack's single *pro se* claim, however, would require the Court to ignore the reality that Mack's single *pro se* claim has been fully acknowledged, adjudicated, and disposed of on direct appeal. *Cf. Moore v. State*, 458 S.W.3d 822, 826 n.3 (Mo. banc 2015) (remanding for consideration of Moore's *pro se* motion claims when "neither the motion court nor the court of appeals in [ ] Moore's direct appeal adjudicated against him all of his *pro se* claims[,]" and holding under those circumstances "Moore has not received the process that justice requires").

5

address a movant's postconviction relief motion points on the merits when the issues were raised and resolved against movant on direct appeal).

In these circumstances, the motion court correctly denied postconviction relief. Mack's single *pro se* motion claim was correctly raised in and decided by his direct appeal. "A trial court judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Hosier v. State*, 593 S.W.3d 75, 83 n.2 (Mo. banc 2019) (alterations omitted) (internal quotation omitted).

## Conclusion

Mack's *pro se* Rule 29.15 motion was the only postconviction relief motion timely filed in the motion court. Because it contained a single claim identical to the claim raised in and rejected by the court of appeals in Mack's direct appeal, the judgment of the motion court denying Mack postconviction relief is affirmed.

_____
Ginger K. Gooch, Judge

All concur.

6