Lisa White Hardwick, Judge
Bryan Harshman appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. He challenges both the finality of the judgment and the motion court's decision to deny his motion without an evidentiary hearing. Because the motion court failed to adjudicate all of the claims raised in the motion, the appeal is dismissed for lack of a final judgment.
FACTUAL AND PROCEDURAL HISTORY
In May 2014, Harshman pleaded guilty to possession of a controlled substance with intent to distribute and keeping or maintaining a public nuisance. The court sentenced him to consecutive sentences of fifteen years in prison for the possession charge and three years in prison for the nuisance charge.
Harshman timely filed a pro se Rule 24.035 motion for post-conviction relief in October 2014. In his pro se motion, he asserted several claims that he labeled: (1) "Ineffective Assistance of Counsel"; (2) "Malicious Prosecution / Vindictive Prosecution / Prosecutorial Misconduct"; (3) "Due Process Violations"; (4) "4th Amendment Violations"; and (5) "Intentional Cruel and Unusual Punishment (8th Amendment)." The motion court appointed the public defender to represent him, and appointed counsel timely filed an amended motion in February 2015. The amended motion asserted a claim of ineffective assistance of counsel for failure to investigate and prepare a particular defense. The amended motion also incorporated by *377 physical attachment all of Harshman's claims from his pro se motion.
At a subsequent hearing, the State moved to deny the amended motion without an evidentiary hearing. Harshman's counsel[1] explained that the claim in the amended motion was that plea counsel was ineffective for failing to investigate a defense that Harshman's ex-girlfriend had set him up and was the actual perpetrator of the crimes. The motion court found that Harshman's statements during the guilty plea hearing directly refuted any allegation that plea counsel failed to investigate or call witnesses; therefore, the motion court denied Harshman's request for an evidentiary hearing.
The motion court then entered its judgment denying Harshman's amended Rule 24.035 motion. The findings of fact and conclusions of law in the judgment referred only to the claim raised in the amended motion. The motion court made no findings of fact and conclusions of law concerning the pro se claims that were incorporated by physical attachment into the amended motion. Harshman appeals.
STANDARD OF REVIEW
We review the denial of a post-conviction motion for clear error. Rule 24.035(k). "A final judgment is a prerequisite to appellate review." Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801 (Mo. banc 2012). "A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination." Green v. State , 494 S.W.3d 525, 527 (Mo. banc 2016) ; Rule 74.01(b). If there is no final judgment, the appeal must be dismissed. Id. at 528.
ANALYSIS
In Point I, Harshman contends the motion court's judgment was not final because it did not resolve all of the claims before the court, specifically, his pro se claims. The State agrees.
Before the revision of Rule 24.035(g), which became effective on January 1, 2017, a movant could incorporate pro se claims into the amended motion by physically attaching them to the amended motion. Green , 494 S.W.3d at 528-29. In this case, Harshman's pro se claims were attached to the amended motion when it was e-filed. This incorporation by physical attachment was effective to incorporate the pro se claims into the amended motion. See id. at 529.
In Green , the Supreme Court held that, when the motion court's judgment fails to "acknowledge, adjudicate, or dispose of [a movant]'s pro se claims," the judgment is not final and the appeal must be dismissed. Id. at 532-33. The motion court's judgment in Green addressed each of the five claims asserted in the amended motion but did not address two claims asserted in the pro se motion that were physically attached to and, therefore, properly incorporated into the amended motion. Id. at 527-29. Because the motion court addressed and adjudicated only the five claims in the amended motion and not the two claims from the pro se motion, the Supreme Court held that the judgment did not dispose of all the claims and was not final. Id. at 533.
Here, the motion court stated in its judgment, "In his Amended Motion Movant alleges ineffective assistance of counsel. These claims are without merit." The motion court then detailed Harshman's responses *378 to questioning at his guilty plea hearing regarding his satisfaction with plea counsel before stating, "Given these responses, Movant's claim is completely without merit. Movant's own words demonstrate this." The motion court concluded by stating that Harshman did not receive ineffective assistance of counsel and that the amended motion was denied.
Pursuant to Green , such a blanket denial refers only to claims that are actually mentioned in the judgment. Id. at 530. The motion court in Green stated in its judgment that the "claim for post-conviction relief must be denied." Id. The Supreme Court held that, because there was no mention in the judgment of the pro se claims and no statement by the motion court denying all claims in both the pro se and amended motions, the motion court's disposition "clearly spoke to only the five claims in the amended motion," and the two pro se claims were "never adjudicated." Id. Similarly, in this case, the motion court made no mention of the pro se claims in its judgment and did not address them in its findings of fact and conclusions of law. Hence, Harshman's pro se claims were never adjudicated.
Because the motion court adjudicated and disposed of one, but not all, of the claims before it, the judgment was not final under Rule 74.01(b). Green , 494 S.W.3d at 533. Therefore, we dismiss the appeal. Id . Point I is granted.[2]
CONCLUSION
The appeal is dismissed.
All Concur.

After the amended motion was filed, Harshman retained private counsel to represent him.

Because Point I is dispositive of the appeal, we offer no comment on or discussion of Harshman's Point II. See Green , 494 S.W.3d at 533 n.10.