

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **VICTOR D. VICKERS, JR.,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD87435** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **STATE OF MISSOURI,** | ) | **May 27, 2025** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
Honorable John M. Torrence, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge Presiding,
W. Douglas Thomson, Judge, and Janet Sutton, Judge**

Victor Vickers (Vickers) appeals from the judgment of the Circuit Court of Jackson County, Missouri, (motion court) which denied his Rule 24.035[1] motion to vacate, set aside, or correct judgment and sentence. Because the motion court failed to adjudicate all of Vickers' claims raised in the motion, the appeal is dismissed for lack of a final judgment.

### Factual and Procedural Background

Vickers was initially charged with first-degree murder, first-degree assault, and two counts of armed criminal action. After a jury trial, Vickers was found guilty on all counts and

---

[1] All rule references are to Missouri Supreme Court Rules (2023), unless otherwise noted.

sentenced to life imprisonment without the possibility of parole for the first-degree murder count and thirty years of imprisonment for each of the remaining counts. The sentences were ordered to run concurrently.

We affirmed Vickers' convictions and sentences on direct appeal. *State v. Vickers*, 560 S.W.3d 3 (Mo. App. W.D. 2018). In 2020, Vickers timely filed a *pro se* Rule 29.15[2] motion which included a claim that he was denied effective assistance of counsel at trial because his lawyer failed to conduct a reasonable investigation of a potential alibi witness and timely endorse the alibi witness. The motion court granted Vickers' 29.15 motion, his convictions and sentences were vacated, and a new trial was ordered. The State appealed the grant of Vickers' motion, and we affirmed the motion court's judgment. *Vickers v. State*, 632 S.W.3d 781 (Mo. App. W.D. 2021).

The State then filed a new information charging Vickers with voluntary manslaughter, second-degree assault, and two counts of armed criminal action. Pursuant to a plea agreement, Vickers entered an Alford[3] plea to voluntary manslaughter, second-degree assault, and one count of armed criminal action. The State dismissed the second armed criminal action count. The State additionally recommended that any sentences imposed be run concurrently. The court sentenced Vickers to fifteen years on both the voluntary manslaughter and the armed criminal action counts, and seven years on the second-degree assault count, with those sentences to run concurrently.

---

[2] Missouri Supreme Court Rules (2020).

[3] "An *Alford* plea allows a defendant to plead guilty to the charged crime and accept criminal penalty even if he is unwilling or unable to admit he committed the acts constituting the crime." *Frazier v. State*, 581 S.W.3d 118, 121 n.2 (Mo. App. S.D. 2019) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).

Vickers timely filed a *pro se* Rule 24.035 motion which contained two claims labeled 8(a) and 8(b). In claim 8(a), Vickers argued, *inter alia*, that he was denied his rights to due process of law, a fair trial, effective assistance of counsel, and was subjected to cruel and unusual punishment when plea counsel misadvised him that the sentencing court could credit his sentence with all of his previously-served time. In claim 8(b), Vickers argued, *inter alia*, that he was denied his rights to due process of law, a fair trial, effective assistance of counsel, and was subjected to cruel and unusual punishment when plea counsel misadvised him that he would be conditionally released after serving 66% of his sentence if he received the maximum sentence for the charges to which he pleaded guilty. Vickers was appointed counsel, and counsel timely filed a statement in lieu of amended motion asserting that Vickers intended to proceed only with the claims alleged in his *pro se* motion.

An evidentiary hearing was held in November 2023. The motion court entered its findings of fact and conclusions of law denying Vickers' Rule 24.035 motion. The judgment stated:

> [Vickers] offers one claim: that [defense counsel] was ineffective in advising him that [the motion court] could credit him for 3,767 days or all the time he believed he had served regarding this case. [Vickers] alleges that had he known that he would only be credited for only 2,695 days, he would not have accepted the plea agreement and would have proceeded to trial on higher charges with higher ranges of punishment. Given the history of this case, the [motion court] finds [Vickers'] testimony to be not credible.
>
> [Vickers] adds to this claim, supported by the testimony from [defense counsel], that he was advised that the [motion court] had the statutory authority to determine what time would be credited. As such, [Vickers] concludes that because [defense counsel] was incorrect as to what version of the statute applied, he was therefore misadvised and accepted a plea that he would not have otherwise accepted. The [motion court] also finds this testimony from [Vickers] to be not credible.

The motion court did not include any findings of fact or conclusions of law for claim 8(b).

Neither party filed a motion to amend the judgment.

Vickers appeals, *pro se*.

## Standard of Review

Our review of a motion court's action on a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Harshman v. State*, 538 S.W.3d 375, 377 (Mo. App. W.D. 2018). "A final judgment is a prerequisite to appellate review." *Id.* (quoting *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012)). A final judgment resolves all claims and issues in a case, and leaves nothing for future determination. *Rogers v. State*, 610 S.W.3d 733, 736 (Mo. App. E.D. 2020) (citing *Green v. State*, 494 S.W.3d 525, 527 (Mo. banc 2016) (superseded on other grounds as stated in *Creighton v. State*, 520 S.W.3d 416, 422 n.8 (Mo. banc 2017)). An appeal must be dismissed if it is not a final judgment. *Id.*; *Harshman*, 538 S.W.3d at 377.

## Legal Analysis

Vickers raises two points on appeal. In his first point, Vickers argues the motion court erred in denying his claim that counsel was ineffective by misadvising Vickers as to the amount of jail time that would be credited toward his sentence. In his second point, Vickers argues that the motion court clearly erred in denying his Rule 24.035 motion because it failed to adjudicate all claims in the motion as required by Rules 24.035(j) and 74.01.[4] The State concedes that the motion court erred by not adjudicating all claims as required. Because we find point two dispositive, we do not reach the merits of point one.

---

[4] Vickers filed a motion for voluntary dismissal and request for remand with instructions with this Court. We issued an order explaining we would treat Vickers' motion as a motion to dismiss the appeal—not as a voluntary dismissal—and that the motion would be taken with the case. We deny the motion as moot based on our resolution of point two.

Under Rule 24.035(j), a "[motion] court shall issue findings of fact and conclusions of law on all issues presented[.]" Additionally, Rule 74.01(b) instructs that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties[.]" In the context of post-conviction motions, a motion court's failure to "acknowledge, adjudicate, or dispose" of all claims in its judgment mandates dismissal because it is not a final judgment under Rule 74.01. *Rogers*, 610 S.W.3d at 736 (quoting *Green*, 494 S.W.3d at 532-33).

Citing Rule 74.01, Vickers argues that a dismissal of his appeal is not necessary if this Court grants relief on point one regarding his claim that counsel misadvised him as to how much credit he would get for time served, claim 8(a) in his motion. He argues this would avoid undue delay associated with a remand of the case. Vickers is seemingly referring to Rule 74.01(b) that states "[w]hen more than one claim for relief is presented in an action . . . the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." There is no such designation in the motion court's judgment.

Here, Vickers raised two claims in his Rule 24.035 motion. First, that plea counsel misadvised Vickers that the sentencing court could credit his sentence with all of his previously-served time and, second, that plea counsel misadvised him that if he received the maximum sentence, he had to be conditionally released after serving 66% of his sentence. Evidence was presented on both claims during the evidentiary hearing. The motion court specifically stated in its judgment that Vickers "offere[d] one claim," only included findings of fact and conclusions of law for the first claim, and did not acknowledge the second claim. Because Vickers' second

claim is a distinct claim that the motion court must rule on, we conclude that the motion court's judgment is not a final, appealable judgment. *See id.*

Point two is granted. On remand, we direct the motion court to rule on all claims raised in Vickers' Rule 24.035 motion.

## Conclusion

The appeal is dismissed, and we remand to the motion court for further proceedings consistent with this opinion.

Janet Sutton, Judge

Anthony Rex Gabbert, C.J., and W. Douglas Thomson, J. concur.